## WILLIAM M. MORRIS *v.* JAMES RUCKS, TRUSTEE.

1. DEED OF TRUST. *On personalty. Breach. Demand by trustee. Replevin.*

    Where, by the terms of a deed of trust on personal property, the trustee is authorized to take possession of the property upon default in the payment of the debt secured, he may, after such default, bring replevin to obtain possession of the property without first making a demand therefor. *Bowman* v. *Roberts,* 58 Miss. 130, distinguished.

2. SAME. *Demand for property when obviated.*

    And if it were necessary, according to the terms of a deed of trust, for the trustee to make a demand upon the grantor before bringing suit for the property covered by the deed, such demand need not be made if the grantor has de-

livered the property to a third person to whom he has granted the same, neither the grantor nor his grantee, in such case, being entitled to have demand made upon him by the trustee.

3. SAME. *Proof of execution. One witness.*

Under our statute on the subject, one witness only is required to attest and prove the execution of a deed, so as to authorize it to be recorded. *Wilkins* v. *Wells*, 9 S. & M. 325, followed.

4. SAME. *Proof thereof. Statute in reference to same.*

Section 1221 of the Code of 1880, in reference to the proof of instruments of writing required to be recorded, is substantially the same as the provision in Hutchinson's Code under which *Wilkins* v. *Wells*, 9 S. & M. 325, was decided.

APPEAL from the Circuit Court of Washington County.

HON. B. F. TRIMBLE, Judge.

The case is sufficiently stated in the opinion of the court.

*Percy, Yerger & Percy*, for the appellant.

1st. We submit that the deed of trust ought to have been excluded from evidence, because it was imperfectly attested and improperly admitted to the record. In *Wilkins* v. *Wells*, 9 S. & M. 325, the court first decided that a deed attested and proved by only one witness was improperly admitted to record. Upon re-argument, it was decided the other way by a divided court.

We are aware of the weight given to decisions which establish a rule of property; but it is also true that when rendered by a divided court they are much less authoritative, especially if subsequent changes in the law have done away with some of the reasons sustaining them.

Judge Sharkey destroys the natural meaning of the words given in the form by undertaking to show that the second and sixteenth sections of the act in Hutchinson's Code require but one witness in the cases therein named, and that therefore the whole statute must be construed to contain only a similar requirement.

These two sections allow of the proof being made in exact conformity to the form given for making proof—that is, in the one instance by one witness, and in the other instance by proving the handwriting of a witness.

Neither of them say that there shall be only one subscribing witness, while it is positively impossible to make the proof to the effect required by the form, which is as much a part of the statute as any other, unless there are more witnesses to the instrument than one.

Unquestionably but for sections two and sixteen the language of the form would have been held imperatively to require more than one witness. To the wayfaring man this would have been the obvious legislation intended.

Section two is perfectly harmonized with this obvious meaning of the legislature by construing it to mean that one witness is sufficient to prove the contract, although to enable him to do so there must be another subscribing witness.

Judge Sharkey says that this section is included in section one, which by its terms requires subscribing witnesses, and that it is, as to those contracts mentioned, mere surplusage. So it manifestly is as to how they shall be proved for record and is mere iteration of the requirements of the form. The latter shows how many must attest; the two sections referred to show, with the proper number attesting, how the instrument in the cases therein named may be proved. But in *Wilkins* v. *Wells* special stress is placed upon the language in section sixteen, that the instrument may be proved by proving the handwriting of the ". deceased or absent witness or witnesses." In Code of 1880, the corresponding section, 1221, has the language, " can establish the handwriting of the deceased or absent witnesses."

It is the manifest policy of the law to prevent fraud and perjury by requiring that there should be more than one witness to an instrument sought to be recorded, without the personal acknowledgment of the grantor, and at the same time to make as convenient or facilitate as much as possible their proof for record by requiring it to be made by only one witness. If there is reason to suspect fraud or forgery in the person of the then witness the means is always at hand to detect it.

Admitting that under § 16 of Hutchinson's Case, and § 1221 of Code of 1880, the instrument may be proved by proving the handwriting of a deceased or absent witness, this is very far from

showing that the policy of the law generally is to be overturned by dispensing in all cases with the attestation of two witnesses. Indeed, if mere phraseology is to govern rather than the intent of the legislature, under § 1221 it could only be established by proof of handwriting of "absent witnesses." With great diffidence we submit that Judge Sharkey's opinion is unsound. It ignores the policy of the law and intent of the legislature and is based upon verbal criticisms of the act incorrect in themselves.

2d. By the terms of the instrument a demand was necessary before any right of action accrued. The deed specially provides that the grantor shall retain possession until demand is made, and this not a general demand, such as is made by bringing suit, but a special demand for one of two purposes, to wit, for sale or because the trustee believed the property endangered as a security.

The powers of a trustee in a deed of trust like this are to be strictly construed. He had no right to the possession of the property except for one of the purposes named, and not then until demanded for that purpose. *Bowman* v. *Roberts*, 58 Miss. 130.

*R. B. Campbell*, for the appellee.

The appellant claims that the court erred in admitting the deed of trust in evidence as a properly recorded instrument, because there was *but one subscribing witness* to it; that while but *one* may *prove* the instrument, there must be *more* than *one* subscribing witness *to it*.

This position is untenable. See *James C. Wilkins use, etc.*, v. *Edward Wells*, 9 S. & M. 325. The provisions on this subject in the Code of 1880 are *substantially* and *almost literally* the same as those construed by the high court of errors and appeals in the above case, and it was held in that case that a deed of trust or other recordable instrument attested by but *a single witness* may be rightfully admitted to record on proof by said witness. The law does not REQUIRE any witness to deeds of trust. It simply ALLOWS such an instrument to be recorded when proved by a subscribing witness, as a *mode* of entitling it to *registration*. *Only* ONE subscribing witness is necessary to *prove* the instrument to entitle it to be recorded, and the law does not *require* any witness to

such an instrument. What good will be subserved by having *two* witnesses? One will necessarily be *dormant*. *Two* witnesses to an instrument will not strengthen the proof by *one* when the other is dormant, so to speak, and does nothing to further the purposes for which the instrument is attested. If it was necessary to have *two* witnesses, the law would require *both* to *prove* it before it could be registered.

The court refused the defendant's third instruction. That instruction tells the jury that unless they believe from the evidence that plaintiff demanded possession of the property they will find for defendant. This was rightly refused. The mortgagor or grantor in a deed of trust has the right to possess the property *until* breach of condition. If the debt is not promptly paid it is the duty of the grantor in the deed of trust to deliver on breach of condition the property for the purposes of the trust. His right to possession ends when the breach of condition is made, and possession after this time is wrongful and no demand is required; for it is the duty of the grantor to have the property forthcoming. This is the right view, and is varied only when the *deed of trust requires* a demand, but even then the demand would be personal to the grantor. The deed of trust involved provided that the grantors should hold possession until demanded by the trustee. I say that this is a personal privilege, and none but the grantors could require a demand. The demand would be necessary only because the deed of trust required it, and when made it must be in accordance with the terms of the deed of trust, and it must be made of the person provided in the deed of trust. The deed of trust required a demand, but provided that the *grantors* should hold until the property was demanded. This implies that the demand must be made to the "*grantors*," but the "grantors" had disposed of the property, they had *parted* with *possession;* why demand of them that which they have not? Appellee can't require a demand from him of the property, because "grantors" would have been entitled to it if they had kept possession, because the requirement in the deed of trust was *personal* to them. But if this view be wrong, then the fact that appellee contested the suit *as to the right of possession*

is a sufficient refusal and the suit a sufficient demand. He should have surrendered the property and contested the matter of costs only. See *Deamig* v. *Ford*, 13 S. & M. 269; *Newell* v. *Newell*, 5 George 385.

CHALMERS, J., delivered the opinion of the court.

J. P. and H. L. Robinson executed a trust deed on property which, as claimed, remained unpaid when suit in replevin was brought for the property without any precedent demand being made for its delivery. It was decided in *Bowman* v. *Roberts*, 58 Miss. 130, that a precedent demand under the phraseology of the deed of trust in that case was necessary, since the instrument there only stipulated for a surrender " after demand by the trustee," and no previous demand being averred, it was said that there could be no right in the trustee to sue until by a preceding demand he had acquired the right to the possession. Here, on the contrary, the right of possession is granted by the terms of the trust deed to the trustee upon default in the payment of the debt, so that the right of possession attached instantly upon default made in payment. In such case no previous demand is necessary. In this case, too, the possession had been delivered to a grantee of the mortgagor and was held by such grantee at and before the bringing of the suit. In such case there can be no obligation to make a demand upon a debtor who has put it out of his own power to comply, or upon his grantee, who has never obligated himself to do so.

The copy of the deed of trust offered in evidence was objected to because it was said that it had never been properly proved and was therefore constructive notice to nobody. Its execution was witnessed and proved only by a single witness.

It was decided, after the most elaborate argument, in *Wilkins* v. *Wells*, 9 S. & M. 325, that an instrument was properly admitted to be recorded when proved by a single witness, and this decision has stood for nearly forty years, and the rule announced was one of property involving the titles to thousands of acres of land. The statute under which it was made has been substantially re-enacted in our repeated revisions since, and even if satisfied that

the original decision was wrong (which we are not), we certainly would not now reverse it. It is said that the language of § 1221 of Code of 1880 is different from that of Hutchinson's Code under which the former decision was made, and that there is a difference of meaning between the two.

The change is a mere change of phraseology, which is wholly immaterial, without change of meaning, and is copied literally from the Code of 1857, where it was never supposed to have in any respect altered the meaning. To alter the construction at this late day would operate the most untoward evils.

The instructions fairly presented the question of fact to the jury, who responded in favor of the plaintiffs. Their verdict cannot be disturbed. It is not true, as contended, that the question of payment only was presented, and that that of satisfaction by contract was ignored.

The first and second instructions for the plaintiffs are upon the question of payment, but the fourth distinctly presents the question of " satisfaction by agreement."

It is evident that the two theories of payment and of extinguishment by contract were fully presented, and that the jury found for the plaintiffs on both.

*Affirmed.*