RANDOLPH LUMBER CO. *v.* SHAW.

(Division B. Dec. 9, 1935.)

[164 So. 587. No. 31933.]

298

**T. J. Wills**, of Hattiesburg, for appellant.

**J. M. Morse**, of Poplarville, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison county for three thousand dollars, for a personal injury. The declaration was filed on September 7, 1933, and alleged that on July 1, 1929, the appellant was operating under the name of the Edward Hines Lumber Company, and that the appellee was employed to work on one of its skidders, which was equipped with a drum around which was wrapped a steel cable, and that, while so engaged in operating said drum, a sliver from said steel cable broke and flew into the appellee's eye causing him severe pain and permanent injury to the eye.

It was also alleged that the cable was very old and had become frayed and the strands were worn and broken, so that any time pieces thereof were likely to fly off and cause injury to employees whose duty it was to work in the immediate vicinity thereof.

The defendant, appellant here, pleaded the general issue, and also a special plea in which it was said that the appellee had settled, compromised, and released the appellant from all liability for the consideration of sixteen dollars, and a copy of said purported release was attached as an exhibit to said special plea.

The plaintiff, appellee here, filed a replication to said special plea, and also affirmatively pleaded that the release mentioned was obtained by fraud, while appellee was still suffering severely from his injuries, on the false and fraudulent representation of the appellant's agent that appellee would be paid half time for the time he was disabled, and that said agent would give him then eight dollars to apply against said half time, and that it would be necessary for appellee to sign a receipt for said eight dollars.

The appellant filed a rejoinder to the replication to the special plea, and the appellee filed a second replication, and pleaded that the appellant told him that he would be paid half time for the period in which he was disabled, and, upon that representation, appellee, being an uneducated man and not being informed of his rights, signed what he was told was a receipt for eight dollars, half his wages at that time, and never did, in fact, sign any release or settlement for his injuries, and never did receive compensation for his injuries.

The appellant thereupon moved the court to require the appellee to be more specific in his second replication and to set out the consideration and purpose for which the appellant agreed to pay the half time to the appellee, and what advantage was to flow to the appellant by such payment, which motion the court overruled.

On these issues the case was tried, the jury returned a verdict in favor of the appellee, and the appellant has prosecuted this appeal therefrom.

The first assignment of error is that the court erred in overruling the motion of the appellant to require the

appellee to make the second replication more specific. We do not think the court erred in overruling this motion.

On the trial of this case, the appellee testified that the cable he was operating when he was injured was composed of twisted strands of wire which had become old and worn, and some of the wires were broken, and that he had told the foreman, a day or two prior to his injury, that they needed a new cable, and that if same was not furnished slivers were apt to be thrown off in its operation. The appellee introduced a physician who testified as to the extent of his injuries, saying same would probably grow worse, and would likely require an operation, and that it was uncertain whether an operation would remove the defects in his eye caused by the injury.

The appellant offered proof to show that the appellee, after the injury, signed a statement, made out by the appellant's physician, in which he stated that his eye was injured by a cinder being thrown into it. Appellant introduced another witness who testified that, when the appellee's eye was injured, he stated that he had some trash in his eye. It was shown that the physician who attended the appellee took a piece of steel or wire out of his eye about the size of a needle.

It is contended in the second assignment of error that the appellant should have had the peremptory instruction.

We think the proof was sufficient on the part of the appellee to warrant the jury in rendering a verdict in his favor.

It is next contended that the court erred in granting to the appellee the following instruction: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this cause that the plaintiff signed the release testified about herein, and that he was fraudulently led by the defendant or its agent to believe that the same was a receipt for one half time, then this will not bar recovery by him."

The evidence on the part of the plaintiff, appellee here,

as to the release sustains his replication to the special plea. He testified that he did not read the instrument, and that he was relying on the statement that it was only a receipt for one-half time, and that it was necessary for him to sign it to return to the employ of the company, and that nothing was said to him about it being a release.

While it is true that there are circumstances and testimony suggesting that the claim for the injury is not substantiated, and the record shows there was considerable delay in bringing the suit after the injury, still it was a question for the jury under all the evidence, and we are unable to substitute our judgment for that of the jury.

The judgment of the court below will be affirmed.

Affirmed.