**WHITE et al. v. UNION PRODUCING CO.**

No. 10690.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1944.

As Amended on Denial of Rehearing
Feb. 25, 1944.

E. L. Brunini, of Vicksburg, Miss., Thomas Fletcher, of Houston, Tex., and L. G. Spivey, of Canton, Miss., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

### HOLMES, Circuit Judge.

This is a controversy over an undivided interest in 80 acres of oil land in Yazoo County, Mississippi. The common source of title of all parties hereto is the appellant, Mrs. Minnie E. White, who filed this suit praying confirmation of her title and cancellation of a co-lessor's agreement executed by her. The other appellants were allowed to intervene in the court below as parties plaintiff, having acquired the plaintiff's interest in said land except as to alleged oil payments amounting to $5,000.

This is a civil action under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which abolished all distinctions as to forms between actions at law and suits in equity. It presents a controversy wholly between citizens of different states; the requisite jurisdictional amount is involved; and all indispensable parties are in court.[1] The principal issue before us depends upon the validity of a co-lessor's agreement, which is claimed to be void and the execution of which is alleged to have been procured by fraud. A jury was demanded by the plaintiffs, and granted by the court below without objection. After all of the evidence had been introduced and both sides had rested, the district court gave a peremptory instruction to the jury to find for the defendant. Judgment upon the verdict was entered for the defendant, and the plaintiffs appealed.

The relief sought was of an equitable nature, and neither of the parties was entitled to a trial by jury as a matter of right. Whether or not the verdict rendered was merely advisory[2] is immaterial, since the court directed it, let it stand, and entered judgment upon it. The court did not set the verdict aside, as it might have done, and make its own findings of fact as required by rule 52(a) of the Federal Rules of Civil Procedure. The court gave the reasons for its ruling, which included a statement of its conclusions of law.

Cecil F. Travis and Vardaman S. Dunn, both of Jackson, Miss., for appellants.

---

[1] We agree with the ruling below that Walter Moring was not an indispensable party.

[2] See rule 39(c) of Federal Rules of Civil Procedure.

■■ The court said that, assuming the fraud to have been perpetrated and that the lessor did not read the lease, or the draft for five dollars given her for executing it, yet she was guilty of such gross negligence in failing to read the draft that she was precluded from claiming that the agreement should be set aside for fraud. For this reason it held that she could not recover. We think the court erred in so holding, because under the Mississippi law, which governs our decision, contributory negligence is not a defense to an action based on fraud.[3] The appellant, Mrs. White, had the right to rely upon the representations made to her by the appellee's agent as to the nature of the paper she was asked to sign, and to accept his statements as true without inquiry, although the means of correct information were within reach.[4]

■■ Appellants concede the rule in Mississippi to be that fraud must be proven by clear and convincing evidence. They accepted that burden on the trial below, and introduced ample evidence, if believed, to support a finding of actual fraud. The testimony on this issue was direct and positive, and presented an issue of fact. The character of the misrepresentation, and the improbability of an ordinarily prudent person being deceived by it, may be taken into consideration in passing upon the facts; but they do not present an unmixed question of law when the evidence is conflicting or different inferences fairly may be drawn therefrom. Fraud vitiates everything it touches,[5] it is difficult to define;[6] there is no absolute rule as to what facts constitute fraud; and the law does not provide one "lest knavish ingenuity may avoid it". There is a distinction between the case of an individual who imprudently executes a contract without reading it, and of one who signs a contract in reliance upon fraudulent misrepresentations as to its contents.

■■ This is not a case where one of two innocent parties must suffer from the wrongful act of a third person. There are no innocent purchasers for value claiming under this instrument. The party whose agent committed the fraud is still in possession of the property. It is present in court pleading laches and other defenses. He who acts through an agent acts himself; so runs the legal maxim; and a corporation cannot act except through an agent. In directing a verdict for the defendant, the district court expressly assumed that the alleged fraud had been committed; that the defendant's agent had told Mrs. White that the paper she signed was only a certificate of her heirship to the Adcock property; and yet it held that her failure to read the draft for five dollars, which she had every opportunity to read, precluded her recovery.

■■ Assuming the fraud to have been committed, as was done by the court below, the appellee cannot retain the fruits thereof in a court of equity on a plea of negligence, since she was fraudulently induced to believe that she was signing a certificate when she was in reality executing a lease. It may be conceded that she was negligent in failing to read the lease before signing it, and the draft before endorsing it; but if the facts were as testified to by her, and as assumed by the court, the co-lessor's agreement was at least voidable,[7] and a court of equity should be satisfied with no evidence of waiver or ratification that does not amount to proof of assent or acquiescence. In these circumstances the doctrine of laches has but an imperfect application.[8]

■■ The court below did not err in admitting parol evidence to prove that Mrs. White was entitled to receive an oil payment of $5,000 in addition to the recited consideration of $500 paid her upon the execution of the deed to the intervenors. The parol-evidence rule has no application to

3 Henry v. W. T. Rawleigh Co., 152 Miss. 320, 120 So. 188; Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708; Randolph Lumber Co. v. Shaw, 174 Miss. 297, 164 So. 587; Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914.

4 In Brown v. Norman, 65 Miss. 369, 4 So. 293, 297, 7 Am.St.Rep. 663, the court said: "The complainant owed the defendant no duty to investigate the condition of the firm. He had the right to rely upon the truth of the representations made by the defendant, and all that was required

was that he should act when he discovered the fraud of which he was the victim."

5 Fay v. Egan Co. v. Louis Cohn & Bros., 158 Miss. 733, 740, 130 So. 290, 292.

6 Smith v. State, 107 Miss. 486, 496, 65 So. 564, 567.

7 For the distinction between void and voidable transactions of this class, see Restatement of the Law of Contracts, Section 475.

8 McIntire v. Pryor, 173 U.S. 38, 19 S. Ct. 352, 43 L.Ed. 606; Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 39, 21 S.Ct. 7, 45 L.Ed. 60.

the recited consideration in a deed.[9] Moreover, the rule is limited to the parties to the writing and their privies. A third party is not in a position to invoke the rule.[10]

Mrs. White is a proper party to maintain this action; but if she were not, the other appellants are proper parties, since the effect of a quitclaim deed in Mississippi is to convey the entire title of the grantor. The intervenors are asserting a complete fee-simple title to Mrs. White's former interest in the Adcock land, subject only to her right to receive $5,000 out of oil produced from said interest. The cancellation of the co-lessor's agreement is sought by the intervenors merely as an incident to the property rights acquired by them from their grantor.[11] Aside from this, there are two Mississippi statutes that remove all doubt as to their right to maintain an action of this class.[12]

The only remaining question relates to the recordation of the co-lessor's agreement and its legal effect. Was it constructive notice to the intervenors, if the agreement was valid? This presents a question of state law that is not free from doubt, and there is no authoritative decision on the subject, but we concur in the ruling below on this point for the following reasons:

R. F. Gibson was the appellee's agent in procuring the co-lessor's agreement. He was one of the subscribing witnesses thereto, though there is a conflict as to whether he signed in the presence of and contemporaneously with the other witness. He of course was present during the entire transaction. He was also the affiant that made proof of its execution as provided by section 2137 of the Mississippi Code of 1930. He had no pecuniary interest in the matter, and the mere fact that he was employed by the appellee on a fixed salary did not disqualify him to act as a non-official subscribing witness or to make such proof. Attestation by a single witness is sufficient, and a substantial compliance with the statutory form is all that is required. The proof was made in the manner required by law before an officer competent to take the same, and was duly certified to by him. Such certificate by a qualified officer, showing full compliance with the statute, is conclusive of the facts, except in cases of fraud; and if there was no fraud in procuring the execution of the instrument, there was none in making proof of its execution and having it filed for record.[13]

The judgment appealed from is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

### On Petition for a Rehearing.

We reversed the case for a new trial. Whether, on the new trial, there is to be a jury by consent of the parties or on order of the court or no jury at all, we do not decide. The statement in our opinion that the verdict was merely advisory is withdrawn, because unnecessary to the decision. Our former opinion is amended accordingly.

The petition for a rehearing is denied.

---

[9] Raleigh State Bank v. Williams, 150 Miss. 766, 117 So. 365; Rule 43(a) of Federal Rules of Civil Procedure.

[10] Whitney v. Cowan, 55 Miss. 626; 3 Jones' Commentaries on Evidence, 2nd Ed., 2708, Sec. 1488.

[11] Traer v. Clews, 115 U.S. 528, 6 S.Ct. 155, 29 L.Ed. 467; 4 Am.Jur. 258, Sec. 40.

[12] Sections 404 and 405 of the Mississippi Code of 1930.

[13] Wilkins v. Wells, 9 Smedes & M., Miss., 325, 48 Am.Dec. 716; Morris v. Rucks, 62 Miss. 76; Morse v. Clayton, 13 Smedes & M., Miss., 373. Compare the following Georgia decisions as to attesting witnesses and their disqualification: In Stimpson Computing Scale Co. v. Holmes-Hartsfield Co., 6 Ga.App. 569, 65 S.E. 358, it was held that the agent in the transaction, having no personal interest, was competent. In Jones v. Howard, 99 Ga. 451, 27 S.E. 765, 59 Am.St.Rep. 231, the attorney at law and agent of the grantee, though having a fee in the matter, was held a competent official witness. This was followed in Austin v. Southern Home Building & Loan Association, 122 Ga. 439, 440, 50 S.E. 382; Madden v. Lampley, 137 Ga. 555, 73 S.E. 825; Harvard v. Davis, 145 Ga. 580, 89 S.E. 740. A non-official witness, who simply swears to the execution, is no more incompetent than any other interested witness in a case. His being an officer or stockholder of the grantee corporation does not disqualify him to attest. Hastey v. Roberts, 149 Ga. 479, 100 S.E. 569; Peagler v. Davis, 143 Ga. 11, 84 S.E. 59, Ann.Cas.1917A, 232, citing Alabama cases.