## UNION PRODUCING CO. v. WHITE et al.

### No. 11432.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1946.

Rehearing Denied March 22, 1946.

HOLMES, Circuit Judge, dissenting.

E. L. Brunini, of Vicksburg, Miss., Thomas Fletcher, of Houston, Tex., F. L. Wright, of Rolling Fork, Miss., and L. G. Spivey, of Canton, Miss., for appellant.

Vardaman S. Dunn and Cecil F. Travis, both of Jackson, Miss., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Mrs. Minnie E. White brought suit in the court below against the Union Producing Company for the cancellation of a certain oil, gas, and mineral lease, or co-lessor's agreement, of July 31, 1939, covering an undivided 4.8–acre interest in eighty acres known as the Adcock Estate Land, located in Yazoo County, Mississippi. Mrs. White alleged that one R. F. Gibson, acting as the agent for Union Producing Company, had induced her to sign, without reading, a document, on his representation that it was a certificate or affidavit that she was the sole heir of a deceased daughter; and she further alleged that some months later she learned that the document was a co-lessor's agreement purporting to lease to the Union Producing Company her interest in the eighty-acre tract. About two and one-half months after the execution of the co-lessor's agreement Mrs. White conveyed her entire interest in the eighty acres by quitclaim deed to one Walter Moring, who by deed dated January 10, 1940, purport-

---

edly conveyed the interest to one A. L. Stevens. It is contended that Walter Trout, the employer of Moring, in the absence of Moring, bought Mrs. White's interest for certain members of the Stevens family and named Moring the grantee, as a mere conduit, in the deed from Mrs. White; that Moring later conveyed to A. L. Stevens (now Mrs. Walter Trout); and that she conveyed to Joab Turner Broocks. Joab Turner Broocks allegedly is holding title in trust for Mrs. Frank Broocks and Mrs. Walter Trout. A. L. Stevens (Mrs. Walter Trout), Joab Turner Broocks, and Mrs. Frank Broocks, the last two claiming under and out of A. L. Stevens, intervened in this suit and joined Mrs. White in the action to set aside the co-lessor's agreement. The plaintiff, Mrs. White, is a citizen of Mississippi, and the defendant, Union Producing Company, is a Delaware corporation; the intervenors are citizens of Texas, Louisiana, and Mississippi. At the time the suit was brought Moring was a citizen of Texas but was serving in the Armed Forces outside the jurisdiction of the court.

After a trial on the merits the court below directed a verdict on the ground that, if one assumed that fraud was practiced by the Union Producing Company's agent on Mrs. White in procuring the co-lessor's agreement, the gross negligence of Mrs. White in failing to read that agreement and a check[1] which specifically set forth the nature of the agreement, precluded her from claiming that the agreement should be set aside for fraud. On appeal by Mrs. White and the intervenors from the judgment entered on the verdict, we reversed and remanded the cause,[2] holding inter alia (1) that this was an equitable action and should have been tried by the court and not by a jury; (2) that, under the Mississippi law which governed, contributory negligence is not a defense to an action based on fraud; (3) that Walter Moring was not an indispensable party to the action; and (4) that plaintiff and intervenors introduced ample evidence, if believed, to support a finding of fraud. After the case was sent back to the district court, the intervenors amended their petition to ask for a money judgment based on an accounting for their pro rata share of production less their pro rata share of costs.[3] Following the second trial, the district court found that fraud was practiced by the agent of the Union Producing Company on Mrs. White. It held (1) that the co-lessor's agreement was invalid, null, and void; and (2) that the intervenors were entitled to receive and recover from the Union Producing Company 4.8/80 of all the oil heretofore and hereafter taken from the land by the Union Producing Company, less 4.8/80 of the reasonable cost of drilling and completing the wells on said property and the reasonable cost of operating them for the production of oil; and (3) that Mrs. White was entitled to $5,000, which was part of the consideration to be paid her from production for the conveyance to Moring of her interest in the land, and that the intervenors were entitled to the balance. The judgment cancelled the co-lessor's agreement and decreed plaintiff and intervenors entitled to receive and recover from the Union Producing Company 4.8/80 of all oil, gas, and other minerals heretofore and hereafter produced from the property, less 4.8/80 of the reasonable cost of drilling, completing, and operating the wells thereon, in the proportion to be fixed by final judgment. The court retained jurisdiction for the purpose of taking and stating an account between the parties, and entering the final money judgment. On final hearing on the accounting the court entered judgment against the Union Producing Company for $42,294.20, $37,137.78 in principal and $5,156.42 in legal interest, of which total the sum of $5,000 was awarded to plaintiff and the balance to the intervenors. The Union Producing Company appealed.

Of the issues raised on this appeal all except two were disposed of in our former opinion. The excepted two issues are: (1) Is Walter Moring, who testified in his deposition that the deed to A. L. Stevens was a forgery, an indispensable party to the suit for an accounting? (2) Is the evidence sufficient to show fraud on the part of Union Producing Company in procuring the co-lessor's agreement under Mississippi

---

[1] This check was for $5.00, the amount of the cash consideration set out in the co-lessor's agreement. On the check was the following explanation: "Consideration for execution of oil & gas lease on W½ North West of Section 19—T 10 N R 2 W Yazoo Co Miss, dated July 31, 1939 from Minnie E. White to Union Producing Co. (Co-lessors agreement)."

[2] 5 Cir., 140 F.2d 176.

[3] After Mrs. White parted with title to the land, but prior to the filing of this suit, a well was brought in on the property which produced oil in paying quantities.

law which requires that such evidence be clear and convincing?

Appellant urges that Walter Moring is an indispensable party to the accounting, and that if it pays the plaintiff and the intervenors for their interest in the oil, success by Walter Moring in attacking the deed to A. L. Stevens, that by deposition he stated was a forgery, would subject it to a claim by him for the same interest.

The subjection of appellant, however, to a possible double liability does not make Walter Moring an indispensable party. In Williams v. Bankhead, 19 Wall. 563, 570, 86 U.S. 563, 22 L.Ed. 184, the Supreme Court said:

"The other ground of appeal, namely, that the widow was an indispensable party, presents a more serious question. On the one hand it is said that, not being a party, her rights were not concluded; and that the only inconvenience arising from proceeding with the case without her was the double liability to which Bolton and the administrator of Branch became exposed by having to pay her and Bankhead both, under contrary decrees of different courts. The general rule as to parties in chancery is, that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of public policy and the necessities of particular cases. The true distinction appears to be as follows: First. Where a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. Secondly. Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him if he can be reached. Thirdly. Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant.

"In the present case, if the question were one of mere personal liability on the part of Bolton, McNiell, and Williams, it might have been admissible to proceed without making the widow of Branch a party, inasmuch as she was not a resident of Arkansas, and could not at the time be made a party in the Circuit Court without being served with process in the district of Arkansas or voluntarily appearing to the suit. * * * But this is not a case of mere personal liability. It concerns the disposal of a specific fund, in which the widow claims an interest. If the sum of $3666.66 mentioned in the decree is not paid, the plantation is directed to be sold in order to raise the amount of Bankhead's claim. And this plantation is in the possession of the widow by her tenants. She is to receive the rents and profits thereof until her claim is satisfied by the payment of the said sum of $3666.66, and the interest due thereon, awarded her by the Desha County Court. Her interests, therefore, are directly affected by the decree.

"Under these circumstances we think that she was an indispensable party."

An amount due by appellant for the oil (the res) has not been deposited in the registry of the court, and the adverse claimants have not been cited to establish their interest therein. If such were the case, Moring would be an indispensable party. A suit for an accounting is not an action over the res but a personal action; in such action Moring is not an indispensable party.[4]

The record reveals that one of the intervenors, Joab Turner Broocks, a resident of Louisiana, had in the court below asked in a suit pending at the time of the trial of this cause in that court, for an adjudication of the validity of the alleged conveyance from Moring to Stevens. The record also reveals that Joab Turner Broocks is prosecuting the suit for the benefit of intervenors. By filing such a suit intervenors have taken the position at least that Moring's claim is a cloud upon their title. Compulsion of appellant to pay the intervenors before adjudication of the controversy between Joab Turner Broocks and Moring in the independent action would subject the Union Producing Company to a possible hardship. To avoid possible hardship the court below should have stayed the proceedings in this suit until the action brought by Broocks against Moring had been finally adjudicated, or should have consolidated the two suits for trial. A stay until the Broocks-Moring

---

4 Cf. "Indispensable Parties," 9 Encyclopedia of United States Supreme Court Reports, III, A, 2, b, page 41.

suit was adjudicated would have imposed less hardship upon the intervenors and Mrs. White, who claims a modest interest in the proceeds of the accounting, than the ultimate possible hardship upon the appellant. By a consolidation of the two suits under Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, all parties would be bound by the final judgment, and no unjust hardship would result.

On the first appeal we said that the plaintiff and the intervenors had introduced ample evidence, if believed, to support a finding of fraud. The Union Producing Company urges that on remand the court below mistakenly thought that this statement indicated an opinion that fraud was present. As support to that contention, it points to the reason given by the court below in overruling its motion to set aside the court's finding that appellant's agent practiced fraud in acquiring the co-lessor's agreement from Mrs. White. That reason is: "The conclusion of law I think is required to be made by the mandate of the Circuit Court of Appeals in its decision in this cause." We did not intend to indicate or suggest any opinion whatsoever as to whether fraud was or was not present.

In an equitable proceeding the court should as far as possible avoid a final determination inconsistent with equity and good conscience. That this may be accomplished, we shall remand the cause in order that the suit by Broocks against Moring, pending in the court below, may be consolidated with this suit. In remanding the cause, we leave open the question of fraud: On that question the court below may pass again. If the court below in finding fraud was not influenced by the statement of this court in our first opinion, it may re-instate its findings of fact. If our statement in the first opinion indicated to the court below that we thought that fraud was present, then this opinion should remove that impression and leave the court free to make findings on the issue of fraud strictly in accord with its own view of the evidence heretofore taken or that evidence supplemented in further trial.

The judgment appealed from is reversed, and the cause is remanded for proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

WALLER, Circuit Judge (specially concurring).

I concur in the reversal and remanding of this case on the grounds stated, but I further believe that the evidence in this case fails to measure up to that clear and convincing standard necessary to establish fraud.

HOLMES, Circuit Judge (dissenting).

On the former appeal we held that Moring was not an indispensable party to this suit, and I agree that he did not become such by reason of the amended complaint that prayed for an accounting. Therefore, I cannot see any reason to consolidate this suit with that of Broocks v. Moring or to stay it until the latter is adjudicated. There are numerous reasons against this procedure, one of which is that it is now too late to invoke a rule[1] that was intended "to avoid unnecessary costs or delay."

This suit was filed September 22, 1941; Broocks v. Moring was filed September 27, 1941. To consolidate the two after they have been pending four-and-a-half years, tried twice, and appealed twice, would promote rather than avoid delay, and would impose costs and expenses upon appellees. Without doing this, equity has ample power to protect a litigant from the "possible hardship" of a double payment.

I find no basis for the contention that the court below mistakenly thought its finding of fraud was required by the mandate of this court. The court said that its conclusion of law was so required; and clearly that is what the court meant. As to the finding of fact, it would be hard to improve upon the clarity of the Judge's statement, p. 50 of record: "I am of the opinion that the finding of fact heretofore made is fully supported by the record and fully covers all controverted points." In the next paragraph, after he had left the subject of fact-finding, and when he was referring to conclusions of law, the Judge said: "The conclusion of law I think is required to be made by the mandate of the Circuit Court of Appeals in its decision in this case."

On Petition for Rehearing.

PER CURIAM.

It is ordered that the petition for rehearing in the above numbered and entitled cause be, and it is hereby, denied.

---

[1] Rule 42 of Federal Rules of Civil Procedure. Cf. 28 U.S.C.A. § 734, Revised Statutes, § 921; Act of July 22, 1813, c. 14, § 3, 3 Stat. 21. So far as this statute differs from the rule, the statute is modified to conform to the rule.

HOLMES, Circuit Judge (dissenting).

I take it that this reversal is not on the ground that the trial court misconstrued the mandate or opinion of this court. In the light of the first letter-opinion of the trial judge, the apprehended mistake as to the mandate has disappeared like mist before the sun. If our attention had been directed to the first letter instead of the second, it is inconceivable that the majority would have had any apprehension on the subject. The following is a brief excerpt from the judge's first opinion: "I have weighed the evidence from all angles and am convinced that it shows by clear and convincing proof that the agent of the company was guilty of fraud. * * * I have therefore reached the conclusion from all the testimony and reasonable inferences that plaintiff is entitled to judgment."

No reversible error in the record is discernible, but our decision puts the trial court in error for doing what this court directed it to do, what the appellant in writing moved it to do, and what all parties expressly consented that it should do, viz., proceed to trial and final judgment on the merits. A stronger case of waiver is difficult to conceive. A motion to stay proceedings is a matter in abatement and comes within Rule 12(g) and (h) of the Federal Rules of Civil Procedure.

This case has been tried twice by the same judge and on the same evidence. On the first trial, the court below decided for the defendant, and rendered judgment dismissing the complaint. That judgment was reversed by this court and a new trial ordered. Thereupon with the consent of all the parties, the same record was submitted to the same judge for final decision on the merits. Not one word of additional testimony was offered, and judgment was rendered for the plaintiffs.

We have, then, a case where both sides were ready for trial and consented in writing for the court to proceed to final judgment. There is nothing in the record to indicate that any one desired a consolidation or a stay. It is not necessary to have a consolidation in order to grant a stay. There is already a stay in Broocks v. Moring. It is not necessary to remand this case for a stay to be granted. This court, on appeal, has the same right to grant a stay as the district court had when the case was before it. We have jurisdiction to grant a stay in this case, but we have no jurisdiction to terminate the stay in force in Broocks v. Moring, because that case is not before us. We can give directions to the court below where there is appellate jurisdiction, not in other cases pending in the district court.

What complications involve us if we try to do justice according to our idea of what is right though not within the framework of the law!