**UNION PRODUCING CO. v. WHITE et al.**
**No. 11432.**

Circuit Court of Appeals, Fifth Circuit.

Sept. 17, 1946.

Rehearing Denied Oct. 12, 1946.

Writ of Certiorari Denied Dec. 16, 1946.

See 67 S.Ct. 369.

WALLER, Circuit Judge, dissenting.

———◆———

For former opinion, see 153 F.2d 856.

Thomas Fletcher, of Houston, Tex., E. L. Brunini, of Vicksburg, Miss., F. L. Wright, of Rolling Fork, Miss., and L. G. Spivey, of Canton, Miss., for appellant.

Vardaman S. Dunn and Cecil F. Travis, both of Jackson, Miss., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

PER CURIAM.

The facts and issues in this cause are fully set out in opinions heretofore reported.* In our original opinion on this appeal we said:

"Of the issues raised on this appeal all except two were disposed of in our former opinion. The excepted two issues are: (1) Is Walter Moring, who testified in his deposition that the deed to A. L. Stevens was a forgery, an indispensable party to the suit for an accounting? (2) Is the evidence sufficient to show fraud on the part of Union Producing Company in procuring the co-lessor's agreement under Mississippi law which requires that such evidence be clear and convincing?"

Being of the opinion that the court below, to avoid possible hardship (payment of asserted interest in production of oil from land to each of two adverse claimants), "should have stayed the proceedings in this suit until the action brought by Broocks against Moring had been finally adjudicated, or should have consolidated the two suits for trial," we reversed and remanded the case so that the suit by Broocks, et al., against Moring, then pending in the court below, could be consolidated with this suit. In remanding the cause we left open the question of fraud. In granting a rehearing, 5 Cir., 156 F.2d 58, 59, we said:

"It having been brought to our attention that the case of Broocks v. Moring, to which reference was made in our original opinion, since the filing of that opinion, has been disposed of in the court below adversely to Moring's claim, and that fact being conceded by the parties hereto, it is ordered that the rehearing prayed for in the second application therefore be granted and that this case stand resubmitted on briefs heretofore filed and on such briefs as the parties hereto see fit to file on or before August 15, 1946."

* 5 Cir., 140 F.2d 176; 5 Cir., 153 F.2d 856, 857; 5 Cir., 156 F.2d 58.

As the case now stands, the only question before us is, "Is the evidence sufficient to show fraud on the part of Union Producing Company in procuring the co-lessor's agreement under Mississippi law which requires that such evidence be clear and convincing?"

No new evidence bearing on this question was introduced by the parties when the case was heard by the court below after remand on the first appeal, hence the entire evidence on this question was before us on that appeal. On consideration of that evidence we then held that ample evidence was introduced, if believed, to support a finding of fraud. After the second trial, the court below found that fraud was practiced by the agent of the Union Producing Company on Mrs. White, held that the co-lessor's agreement executed by her was invalid, null, and void, and rendered judgment cancelling said agreement.

Under Rule 52(a) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses, we cannot say that its finding that fraud was practiced is clearly erroneous.

The judgment heretofore entered on this appeal is set aside, and the judgment appealed from is affirmed.

WALLER, Circuit Judge, dissents.