**GREAT AMERICAN INSURANCE COMPANY, NEW YORK, Appellant,**

v.

**GULF MARINE DRILLING NO. 1, its engines, etc., and Gulf Marine Drilling, Inc., Appellees.**

No. 19239.

United States Court of Appeals
Fifth Circuit.

April 25, 1962.

---

W. Eugene Davis, New Orleans, La., George W. Healy, III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel, for appellant.

Paul A. Gaudet, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee; William S. Stone, New Orleans, La., Advocate.

Before HUTCHESON, WISDOM, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This is an appeal from a final decree dismissing the libel of appellant. Appellant sued as a subrogated insurer and the court held that it had no right of action because it had waived its right of subrogation in the policy of insurance issued by it.

■ Sea Service, Inc. was the owner of the M/V CARGO SERVICE which vessel was bareboat chartered to Gulf Oil Corporation. It was manned and navigated under the control and direction of Gulf Oil Corporation by Marine Service, Inc. Gulf Marine Drilling, Inc. was engaged in offshore drilling for Gulf Oil Corporation which drilling was done from a barge, Gulf Marine Drilling No. 1. The M/V CARGO SERVICE was engaged in the oil trade in transporting supplies and equipment to off-shore rigs or barges drilling for Gulf Oil Corporation.

She sustained damages in a collision with Gulf Marine Drilling No. 1. Appellant as her hull insurer paid the monetary amount of the damages and sought by the libel to recover from Gulf Marine Drilling, Inc. in personam, and in rem against the barge. Gulf Oil Corporation was obligated to carry hull insurance on the vessel under the charter agreement and this obligation was assumed by Marine Service, Inc. Appellant, in its policy, named Sea Service, Inc., Marine Service, Inc., and Gulf Oil Corporation as assureds and waived the right of subrogation against:

> "* * * any individual, firm or corporation, their subsidiaries, factors, or assigns for whom or with whom the Assured may be operating."

Appellant complains here of the court holding as a matter of law that it had waived its right of subrogation against Gulf Marine Drilling, Inc., and because the court, in so holding, necessarily held that no facts were in dispute.

The libel states that the vessel received radio instructions from the barge to come along the south side of the barge to discharge cargo as it was her job to do, and that the damages were sustained when a large swell threw her against an

**334**

unprotected steel cylinder attached to the barge but located beneath the water level which cylinder was an unknown hazard. It is alleged that no warning of the hazard was given although those in charge warranted that the south side of the barge was a safe place to moor.

It is clear that the M/V CARGO SERVICE was engaged in servicing the barge during drilling operations, both in effect being employed in the drilling operations by Gulf Oil Corporation. It can hardly be disputed then that Gulf Marine Drilling, Inc. was at least operating with Marine Service, Inc. within the language of the subrogation waiver. We do not reach the question of whether Gulf Marine Drilling was operating for, instead of with, Gulf Oil Corporation as appellant contends. Operating with any one of the assureds is sufficient to invoke the waiver.

■ But appellant urges, *arguendo*, that even if one of the assureds was operating with Gulf Marine Drilling, Inc., it was nevertheless entitled to introduce evidence to show that it was not the intention of the parties to the insurance contract that subrogation be waived against Gulf Marine Drilling, Inc. In fact, appellant, in opposition to the exception to the libel submitted an affidavit to this effect of the insurance broker who negotiated the contract. It is contended that the proffered evidence is admissible to vary the unambiguous language of the subrogation waiver clause because appellee, a stranger to the contract, may not invoke the parol evidence rule. Thus, we are told a factual issue requiring a trial was involved.

It must be noted that what appellant offered by way of affidavit was not for the purpose of changing the terms of the subrogation waiver clause but to explain and clarify its meaning and the intention of the parties to the contract. No mistake or omission is claimed nor is reformation sought. What is proposed is to give the language an effect according to the wishes of appellant rather than that attributable to it by law because of its unambiguousness.

Judge Sibley, speaking for this court in Pugh v. Commissioner of Internal Revenue, 5 Cir., 1931, 49 F.2d 76, cert. den. 284 U.S. 642, 52 S.Ct. 22, 76 L.Ed. 546, said:

"While it is sometimes broadly stated that the parol evidence rule has no application to any save parties to the instrument and their privies, In re Shields Brothers, 134 Iowa 559, 111 N.W. 963, 10 L.R.A., N.S., 1061; O'Shea v. N[ew] Y[ork, C. & St. L.] R. R. Co. (C.C.A.) 105 F. 559; Blake v. Hall, 19 La.Ann. 49, yet when an instrument is executed as the final embodiment of an agreement, and becomes the act of the parties, and where the parol evidence is offered merely to vary the legal effect of its terms, the rule operates to protect all whose rights depend upon the instrument though not parties to it. Allen v. Ruland, 79 Conn. 405, 65 A. 138, 118 Am.St. Rep. 146, 8 Ann.Cas. and note, page 347; 10 R.C.L. § 213; 5 Wigmore on Evidence, §§ 2425, 2446; 2 Williston on Contracts, § 647. * * *"

This decision was followed in Jurs v. Commissioner of Internal Revenue, 9 Cir., 1945, 147 F.2d 805 and in Commissioner v. Dwight's Estate, 2 Cir., 1953, 205 F.2d 298. It is based, as Professor Wigmore points out, on the theory that extrinsic utterances are excluded if they are to be used, as would be the case here, for the very purpose for which the writing has superseded them as the legal act. IX Wigmore on Evidence, § 2446 (3rd Ed., 1940). 3 Williston on Contracts, § 647 (3rd Ed.) provides:

" * * * The written contract represents the truth and the whole truth of the contractual obligations of A and B in whatever way and between whatever parties an inquiry as to such obligations may become important. To admit parol evidence to the contrary which would not be admitted as between the parties, except for the purpose of showing either fraud against the third person, or some invalidating facts

which would be available to the parties themselves, is to permit facts to be shown which have no relevancy to the issue of what is the contract between A and B. * * * "

Appellant relies on our cases of Patterson v. Texas Company, 5 Cir., 1943, 131 F.2d 998; White v. Union Producing Company, 5 Cir., 1944, 140 F.2d 176; and Scofield v. Greer, 5 Cir., 1950, 185 F.2d 551. Consideration, the amount of which may always be inquired into was involved in Patterson and in White. A change in terms was involved in Scofield. These authorities do not conflict with the holding in the Pugh case nor with our holding here where the attempt is only to vary the legal effect of the stated terms as against one whose rights depend thereon.

The language of the waiver provision contained no ambiguity. Parol evidence to vary the legal effect of it would be inadmissible. There were no factual issues in dispute and the court did not err in holding as a matter of law that appellant had waived its right of subrogation against appellee.

Affirmed.