454 F.2d 276
 In re PORT EVERGLADES TOWING CO., Ltd., a limited
partnership comprised of Hans J. Hvide, General
Partner, et al.
HARTFORD FIRE INSURANCE COMPANY, as subrogee, etc., Appellant,
v.
PORT EVERGLADES TOWING CO., Ltd., Appellee.
 No. 71-1971 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 19, 1972.
 
 Brunswick G. Deutsch, New Orleans, La., James A. Dixon, Jr., Miami, Fla., Deutsch, Kerrigan & Stiles, New Orleans, La., and Dixon, Dixon, Lane & Mitchell, Miami, Fla., for appellant.
 Smathers & Thompson, Roland R. Parent, John H. Schulte, Miami, Fla., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Hartford Fire Insurance Company (Hartford) claiming to be the subrogated insurer of the hull of the Barge NL-701 appeals from an order granting summary judgment in favor of the Port Everglades Towing Co. Ltd. (Port Everglades) in a limitation of liability proceeding in which Hartford filed a claim arising out of the loss of the insured barge.[1] The court found that no genuine issue as to any material fact existed and that Port Everglades was entitled to summary judgment as a matter of law. We affirm.
 
 
 2
 The Barge NL-701 was owned by Eagle Leasing Corporation, bareboat chartered to the Olin Corporation, and sub-bareboat chartered to Nilo Barge Lines, Inc. Hartford issued a marine policy insuring Nilo against the loss of the hull. In the general conditions of the hull coverage the policy provided:
 
 
 3
 Except as otherwise specified, underwriters agree to waive their rights of subrogation against any towboat and/or its owners taking in tow any of the vessels insured hereunder.
 
 
 4
 In the special conditions section, waiver of subrogation against any towboat and/or its owner and operator while pulling certain named barges was conditioned upon notice and payment of an additional premium. However the policy provided no such condition on the general waiver of subrogation with respect to barge NL-701 involved herein.
 
 
 5
 Hartford contends that the exception "as otherwise specified" reserved in the general waiver of subrogation also included the warranties made by the insured as to the operation and navigation of the barges involved. Among these was the warranty that barge NL-701 would be towed in single tows only by specifically named tugs, or that any other arrangement be approved by the United States Salvage Association (U.S.S.A.). Because at the time she sank the NL-701 was not being towed by one of the named tugs, or by another approved by U.S.S.A., Hartford contends that the general waiver of subrogation is avoided by the "except as otherwise specified" language.
 
 
 6
 After careful examination of the policy we believe the exception reserved in the general waiver of subrogation had sole reference to the special conditions which the insurer expressly placed on the waiver of subrogation with respect to those barges specifically mentioned. The presence of language specifically conditioning the waiver with respect to certain insured barges negates the intent to condition the waiver with respect to the NL-701 upon fulfillment of the warranties in the absence of language expressly making such a condition. In this regard the policy is without ambiguity. Great American Insurance Co., N.Y. v. Gulf Marine Drilling No. 1, 302 F.2d 332 (5th Cir. 1962).
 
 
 7
 The presence of a waiver of subrogation against any towboat and/or its owners in a marine hull insurance policy will, as Hartford acknowledges, withstand the public policy objections of Bisso v. Inland Waterways Corp., 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 (1955). See Fluor Western, Inc. v. G & H Offshore Towing Co., Inc., 447 F.2d 35 (5th Cir. 1971). The district court was correct in finding that no material issue of fact existed and that Port Everglades, as the tower of the NL-701, was entitled to judgment under the waiver of subrogation in the insurance contract as a matter of law. We have considered all of the contentions of Hartford and find them without merit.
 
 
 8
 The judgment is affirmed.
 
 
 
 *
 Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Hartford cast its claim against Port Everglades on two theories. The following is asserted in Hartford's brief:
 Hartford's claim against Port Everglades is cast in two separate and distinct theories, one being ex delicto, charging fault and neglect on the part of the towing company in the maintenance, care and use of the Tug, "VIXEN" and her equipment. Separately Hartford charges the Towing Company in an ex contractu cause of action with breach of an express covenant of the Time Charter whereby the towing company agreed to indemnify the Charterer (Nilo) and barges against and hold them harmless from any and all loss, damage or liability arising out of or in any way contributed to by unseaworthiness of the tugs or by any deficiencies in or failure of their equipment.