No. 21.—JAMES V. SUGGS, plaintiff in error, vs. NEAL A. SAPP, defendant in *fi. fa.* WILLIAM WEST and BEDFORD S. WORRELL, executors of Philip F. Sapp, deceased, claimants, defendants.

[1.] A legacy is not subject to be seized and sold for the debts of the legatee, until the executor has assented to it; or, at least, until all claims upon it of higher rank than the claim of the legatee, have ceased to exist.

Motion, in Randolph Superior Court. Decision by Judge KIDDOO, May Term, 1856.

A *fi. fa.* in favor of James V. Suggs vs. Neal A. Sapp was levied, and a claim interposed by the executors of Philip F. Sapp, deceased. The cause went to trial upon this agreed state of facts, to-wit: That claimants were the executors of the last will and testament of Philip F. Sapp, deceased; that as such, the negroes levied on came into their possession, and were still in their possession and control; that said will was still unexecuted and no division made of the estate among the legatees; that said estate was still indebted in a large amount, to-wit: something over $3000; and that under the provisions of the will, the negroes levied on were to be hired out to raise money to pay said debts. There were four legatees under the will, to-wit: Alexander W. Sapp, Neal A. Sapp, (the defendant in *fi. fa.*) Mary F. Simpson, wife of John Simpson, and Eliza, wife of Tom Peter Simpson; Neal A. Sapp and the other three named legatees each being entitled, upon a division of said estate, to *one-fourth* of said negroes. The *fi. fa.* was levied on defendants' *interest, it being one-fourth* in the negroes named in the levy.

Counsel for claimants moved to dismiss the levy on the ground that the property levied on was not subject to seizure and sale under the said *fi. fa.* The Court sustained the motion, and passed an order dismissing the levy. To which decision Counsel for plaintiff excepted, and assigns the same as error.

DOUGLASS & DOUGLASS, for plaintiff in error.

B. S. WORRELL, represented by B. HILL and S. HALL, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

Were the negroes levied on subject to the levy? This is the sole question.

A legacy does not vest in the legatee until the executor has assented to it, or, at least, until the time has come when he ought to assent to it; and that time does not come until it is seen with reasonable certainty, that he will not need the legacy to enable him to pay claims of a higher rank than the claim of a legatee. This is a general principal of law.

And until property has vested in a person, it is not subject to be seized and sold for his debts.

Had the executors, at the time of the levy, assented to Neal A. Sapp's legacy in the negroes levied on? There is no pretence that they had. Had the time come when all higher claims on the negroes than Sapp's, as legatee, had ceased to exist? It had not; for it appears that debts to the amount of over three thousand dollars still existed against the executors, and that the will, itself, required the executors to hire out the negroes bequeathed in it to raise money with which to pay those debts. The legacy of Sapp was an undivided fourth of these negroes. It was these negroes, or a part of them, that were levied on. Therefore, the time had not come, when all higher claims upon the negroes had ceased to exist, and when, therefore, it was the duty of the executors to assent to Sapp's legacy in the negroes. (See *Colbert vs. Fox*, 99 *Dud. Rep.*; *Blake vs. Irving*, 3 *Kelly*, 366; *Bell vs. Bell*, 1 *Kelly*, 367.)

The interest that a partner or tenant in common, or other such tenant has, is a *vested* interest. In this, it differs from such an interest as that of Neal A. Sapp; and that it is sub-

ject to seizure and sale for the debts of the partner or tenant, (as the case may be,) is because it is a vested interest.

We think, therefore, that the judgment of the Court below was right.