### MADDEN v. LAMPLEY.

BECK, J.　1. An attorney at law who drafts and prepares a deed for the signature of the grantor, in which deed the client of such attorney is named as grantee, is not, because of the existence of the relation of attorney and client between him and the grantee, incompetent as an attesting witness to the execution of the instrument. *Austin* v. *Southern Home Building & Loan Association,* 122 *Ga.* 440 (6), 448 (50 S. E. 332).

2. A ground of a motion for a new trial which complains that a named witness, "having in his hand a purported brief of the testimony," was permitted to state: "She [the plaintiff] testified according to the statement here," but which does not set forth literally or in substance the contents of the writing to which the witness made reference, is without merit, inasmuch as it fails to show the materiality of the testimony the admission of which is complained of, and, as has been frequently ruled, this court will not look to other parts of the record to ascertain the contents of the writing referred to, in order to ascertain its materiality.

3. The admission of evidence which, though immaterial and irrelevant, could not injuriously affect the plaintiff's cause, is not a ground for a new trial.

4. The request to charge, in so far as it was legal and pertinent, was fully and appositely covered in the court's instructions to the jury.

5. There was sufficient evidence to support the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
　　　　　　　　　　FEBRUARY 15, 1912.

Ejectment.　Before Judge Worrill. ' Quitman superior court. December 15, 1910.

*M. C. Edwards,* for plaintiff.　*B. T. Castellow,* for defendant.