## MORGAN v. COLEMAN et al.

1. Where one as an attorney at law prosecutes to judgment a suit upon a note the payment of which is secured by a conveyance of property by the debtor, he does not thereby become incompetent as an attesting witness to a deed executed in pursuance of the statute, and reconveying to the debtor the property for the purpose of levy and sale under said judgment and the execution based thereon.

2. Under the evidence the trial judge was authorized to find, if not compelled to do so, that the contract which the plaintiff in error relied upon as an estoppel against the defendant in error in her efforts to obtain possession of the premises in dispute, if entered into at all by an alleged agent for the defendant in error, was made without authority from her, and that consequently it was not binding upon her.

3. The court did not err in refusing the injunction.

FEBRUARY 18, 1914.

Petition for injunction. Before Judge Mathews. Bibb superior court. July 19, 1913.

*Nottingham & Nottingham,* for plaintiff.

*John P. Ross,* for defendants.

BECK, J. Mrs. A. A. Coleman sued Mrs. Emma J. Morgan, to recover upon a debt evidenced by a note to secure the payment of which a deed had been executed by the debtor. Mrs. Coleman obtained a judgment for the principal, interest, and attorney's fees sued for, the judgment establishing a general lien against the defendant and a special lien on the property described in the deed. On this judgment execution issued in favor of Mrs. Coleman against Mrs. Morgan. Mrs. Coleman executed a deed under the provisions of the statute contained in section 6037 of the Civil Code, reconveying to Mrs. Morgan the property described in the deed, for the purpose of levy and sale under said judgment and execution, and filed the reconveyance in the clerk's office, and the same was recorded in the record of deeds. After the record of the deed the execution was levied upon the property therein described, and the property was duly advertised and sold by the sheriff, Mrs. Coleman being the purchaser. Mrs. Morgan refused to surrender possession, and filed a petition to enjoin Mrs. Coleman from attempting to gain possession of the property, and to enjoin the sheriff from putting her in possession of the same. The injunction was denied, and on the judgment denying the injunction Mrs. Morgan assigned error.

1. It is contended, in the first place, that the plaintiff in error

was entitled to the injunctive relief sought, on the ground that the levy of the execution, the sale thereunder, and the deed executed by the sheriff are illegal and void, for the reason that the deed executed by Mrs. Coleman to reconvey the premises to the grantor for the purpose of a sale did not have the effect of reconveying as contemplated by the statute, because the attesting witnesses thereto were John P. Ross and Guyton Parks, who were partners in the practice of law at the time of such attestation, and that they were the attorneys for Mrs. Coleman in enforcing the judgment and execution, and that these witnesses had a direct financial interest in the judgment and execution, the judgment providing for the payment of $500 as attorney's fees. There is no merit in this contention. The fact that John P. Ross had been the attorney at law for Mrs. Coleman in prosecuting the suit which resulted in the judgment and execution did not render him incompetent as an attesting witness to the deed made by his client for the purpose of reconveying title to the property to the grantor in the security deed. *O'Brien* v. *Spalding,* 102 *Ga.* 490, 497 (31 S. E. 100, 66 Am. St. R. 202). See also, in this connection, the cases of *Fincher & Womble* v. *Hanson,* 12 *Ga. App.* 608, 613 (77 S. E. 1068); *Madden* v. *Lampley,* 137 *Ga.* 555 (73 S. E. 825). So far as relates to the official attestation of Guyton Parks as notary public, it may be said that the court was authorized to find that he had never been attorney for Mrs. Coleman, and that he had no financial interest in the execution or in the enforcement thereof.

2. The plaintiff in error further contended that Mrs. Coleman was estopped from enforcing her right to have the sheriff put her in possession of the premises, on the ground that Mrs. Coleman's son, who was her duly authorized agent, had, in order to prevent further litigation, entered into an accord and satisfaction with the counsel of Mrs. Morgan. It is alleged, that this accord and satisfaction was entered into after the sale; that under the terms thereof it was expressly agreed that Mrs. Morgan should have a reasonable time to find a purchaser for the property sold under the execution, and that upon finding the purchaser Mrs. Coleman would accept the amount of her fi. fa. and permit Mrs. Morgan to have the excess of the price at which the property should be sold above the amount for which the fi. fa. was issued, as her own; that in pursuance of this agreement Mrs. Morgan employed a competent

real-estate agent to find such purchaser; and that when, within a reasonable time thereafter, the real-estate agent was about to close the deal for the sale of the property, Mrs. Coleman suddenly repudiated the contract so made by her through her agent and ordered the sheriff to oust Mrs. Morgan and deliver the premises to her, Mrs. Coleman. It is unnecessary to decide whether this agreement amounted to an accord and satisfaction or would have been binding upon Mrs. Coleman if made by her duly authorized agent. The evidence upon the question as to whether or not the person alleged to have been the agent of Mrs. Coleman in making the agreement referred to was such in fact was sufficient to authorize the judge to find that the authority to make this agreement did not exist.

3. This disposes of the only two contentions upon which plaintiff in error bases her application for injunctive relief, adversely to her; and it follows that the court did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur.*