## HOLCOMBE *v.* DINSMORE.

PER CURIAM. This is a suit to recover a lot or parcel of land containing about an acre. What purports to be a description is contained in the petition, but the plaintiff filed amendments containing other descriptions. The last amendment contained the description relied upon, which is as follows: "Plaintiff shows that said one acre of land sued for in the northeast corner of land lot No. 696 lies entirely west of Little River, commencing at a point on the northern boundary of land lot 696 where the east and west line crosses Little River on the northern boundary of said lot, and starting from the west bank of said stream on said original line and going west on the same to a mulberry tree on the dividing line between the lands of plaintiff and defendant, thence south along said line between the lands of plaintiff and defendant to where said line crosses Little River, thence up said river to where the said original line on the northern boundary of said lot 696 crosses Little River." The petition was demurred to upon the ground that "there is no sufficient description of the land sued for, upon which to base said suit," and that recovery could not be had because of the insufficiency of the description of the land sued for. *Held*, that the court erred in sustaining the demurrer. The description set forth in the amendment quoted above is sufficient as a description of the land, and parol testimony would be allowable to show the location of the stream referred to and the line alleged to be the dividing line between plaintiff's and defendant's lands, the location of the "mulberry tree" as well as other natural landmarks referred to in the amendment, and the point at which the lines referred to as the east and west lines intersect the stream first referred to, and the location of the tree.

*Judgment reversed. All the Justices concur, except*

HILL and GILBERT, JJ., dissenting. Considering the original petition, together with the several amendments, we are of the opinion that, should the plaintiff recover a verdict for the land in dispute, the descriptions would not identify the premises sued for, so that the sheriff in the execution of the writ could deliver possession in accordance with its mandates. Hence the petition was subject to demurrer.

*G. B. Walker* and *H. B. Moss,* for plaintiff.

*J. P. Brooke,* for defendant.

Boundaries, 9 C. J. p. 279, n. 19.

Ejectment, 19 C. J. p. 1107, n. 66; p. 1108, n. 89.