SPENCE *v.* PHILLIPS *et al.,* executors.

No. 8031. MAY 14, 1931. REHEARING DENIED JUNE 12, 1931.

*W. R. Jones* and *W. B. Jones,* for plaintiff.

*H. A. Allen* and *J. Wilson Parker,* for defendants.

HILL, J.   The petition and answer in this case show the following:   On or about March 14, 1927, S. R. Phillips loaned to the plaintiff, J. W. Spence, $2,500, and took his note for that amount, secured by a deed to a described tract of land, in Fairburn, Georgia. On March 8, 1929, S. R. Phillips died, leaving a will, item one of which provides for the burial of his body; item two for payment of his debts; items three and four contain special bequests; and item five provides:   "I give, bequeath, and devise the remainer of my property of every kind and character to my children as follows: Mrs. Charlie Stevens, Mrs. E. C. Miller, Mr. S. W. Phillips, Mrs. Hubert Tanner, Mr. John J. Phillips, and Miss Ada May Phillips, to be equally divided among them, share and share alike."   Item six appointed Sam W. Phillips, John J.  Phillips, and Charlie E. Stevens as executors.   The will was admitted to probate in solemn form at the April term, 1929, of the court of ordinary of Campbell County.   On July 16, 1929, the executors filed suit on the note in the superior court of Campbell County.   Personal service was effected on Spence, and at the February term, 1930, judgment was taken against Spence for the principal, interest, and attorney's

fees; and said judgment also provided for a special lien on the tract of land. In February, 1930, the executors executed to Spence a quitclaim deed for the purpose of levy and sale, which deed was attested by Grace H. Parker and by J. Wilson Parker as judge of the city court of Fairburn. It was recorded March 3, 1930. On March 4, 1930, the sheriff of Campbell County levied the execution based upon the judgment, and the land was duly advertised for sale. On March 14, 1930, an agreement was reached among the legatees under item five of the will of S. R. Phillips, looking to a complete and final division of the residue of the estate after taking care of the special bequests. This agreement was approved by the court of ordinary on April 7, 1930, the executors assented thereto, and it became effective on that date. Under the agreement Mrs. Clessie Miller, named in item five, took the execution, which had already been levied, as a part of her share of said estate. On March 29, 1930, Spence interposed an affidavit of illegality to the execution, which affidavit he dismissed voluntarily on May 1, 1930, and the property was readvertised for sale. A few moments before the sale commenced in June, 1930, Spence served the sheriff of Campbell County with a copy of the petition involved in the present case, restraining the sale of the property.

The petition alleged, that, notwithstanding the division and transfer of the note and deed executed by petitioner, the executors filed suit on the note in their fiduciary capacity and obtained a judgment thereon and have had the execution levied on the property, although they have no right, title, or interest in the note, judgment or fi. fa.; that the executors have no right of action on the note, due to the provisions of the will dividing the property in kind; that the agreement and division was unknown to petitioner until after the judgment was taken against him, and the same was kept secret from him; that there is a conspiracy on the part of the defendants to prevent a fair and bona fide sale of the property, for the purpose of buying it at a low and unfair price, and petitioner has been prevented from disposing of said property at a fair price that would save his equity therein, and this will prevent any bidders at the proposed sale other than Mrs. E. C. Miller; that regardless of the facts stated there has been no valid levy under the fi. fa. against petitioner, as there has been no properly executed quitclaim deed for the purpose of levy and sale

filed and recorded; that J. Wilson Parker, a witness to the quitclaim deed, was disqualified from becoming the official attesting witness on the deed, he having a special financial interest in the judgment and the property, having represented the executors in the suit on the note. Petitioner says he has no adequate remedy at law and he will suffer irreparable loss and damage unless the sale is restrained, and that a multiplicity of suits will be avoided by this action. The prayers are for injunction to prevent sale of property until the fi. fa. is properly transferred to Mrs. E. C. Miller, and until a properly executed quitclaim deed be executed for the purpose of levy and sale; and for general relief. The defendants answered, denying the contentions of the petition. They also demurred. Mrs. E. C. Miller filed an intervention setting up substantially the facts as stated above. At interlocutory hearing the judge refused an injunction and a receiver. To this judgment the plaintiff excepted.

■ The Civil Code (1910), § 3895, provides that "All property, both real and personal, . . being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." As early as *Suggs* v. *Sapp*, 20 *Ga.* 100, it was held that "A legacy is not subject to be seized and sold for the debts of the legatee, until the executor has assented to it, or, at least, until all claims upon it of higher rank than the claim of the legatee have ceased to exist." And see to the same effect *Avery* v. *Sims*, 69 *Ga.* 314. Mr. C. E. Stevens, one of the executors of the estate of S. R. Phillips, and one of the defendants in this suit, testified that there is an unpaid tax item against the estate. But it is contended that the executors of the estate of S. R. Phillips had no right to bring an action on the note sued on; that the title to the note descended directly to the legatees, under item 5 of the will of Phillips, immediately upon payment of the debts of the estate. We can not agree to this contention. It was the duty of the executors to recover this property, and to do so it was necessary to bring the suit. The record shows that the executors brought suit on this note and that judgment was taken by default at the February term, 1930, of Campbell superior court. This court will take judicial notice of the fact that the superior court of Campbell County has only two terms per year. Therefore, for a judgment to have been taken at the February term, 1930,

the suit must have been brought to the August term, 1929, and to be returnable to that term it must have been filed at least twenty days before the first day of that term. As stated, the judgment was taken by default. No defense was filed. The suit brought by the executors was sufficient to put the defendant on notice of the right of the executors to bring and maintain such suit. Judgment was not only taken by default for the amount of the loan due, but it created a special lien against the land which had been conveyed as security for that loan. After the fi. fa. had been issued, based upon the judgment, and the land was levied upon, the defendant filed an affidavit of illegality to the execution, but voluntarily dismissed it on May 1, 1930, and when the land was being readvertised for sale on the first Tuesday in June, 1930, the defendant (plaintiff in the court below), filed an equitable petition and obtained an order restraining the sale, but at the interlocutory hearing the trial judge dissolved the temporary restraining order and refused to appoint a receiver as prayed for. It is now insisted that the executors assented to the legacy contained in item 5 of the will of testator, and therefore that it was the duty of the legatee, who had received the note sued on in this case as her share of the estate under that item of the will, to have brought the suit on the note, instead of the executors; and that as the title to the note was in the legatee, the legacy having been assented to by the executors, the executors could not execute a quitclaim deed in order to levy upon the land, which was conveyed as security for the note. The record shows that the actual assent to the legacy by the executors was on March 14, 1930, and this became effective after approval by the court of ordinary on April 7, 1930, which was after the suit on the note had been filed, judgment obtained, execution issued, and quitclaim deed executed for the purpose of sale. There is nothing in the record to show that the executors had assented to the legacy prior to March 14, 1930, or any fact from which the law could presume an assent. So, in these circumstances, we are of the opinion that the executors not only had the right to bring suit on the note and foreclose the lien, but that it was their duty to do so. Civil Code (1910), § 4002. See *Smith* v. *Turner*, 112 *Ga.* 533 (37 S. E. 705); *Hill* v. *Maffett*, 3 *Ga. App.* 89 (59 S. E. 325).

The plaintiff in error contends that the quitclaim deed

executed by the executors to J. W. Spence was void, and did not pass title for the purpose of levy and sale, and was not entitled to record, for the reason that the official witness, Judge J. Wilson Parker, was the attorney at law for the executors, and the judgment shows he had a financial interest in the execution under which the property was levied on. The record does show that J. Wilson Parker procured the judgment in the proceedings to foreclose the. loan deed for the executors, and that the judgment, in addition to the principal and interest, included ten per cent. of the note as attorney's fees. So far as the record shows, this is the only evidence of financial interest on the part of Judge Parker. On the other hand it is insisted that attorney's fees in notes are in the nature of liquidated damages which inure to the benefit of the plaintiff, and are not a provision for the benefit of the attorney at law, who sues to recover judgment for the plaintiff for the principal, interest, and attorney's fees. *Rylee* v. *Bank*, 7 *Ga. App.* 489 (6) (67 S. E. 383). We do not think, under the evidence in this record, that the attorney was incompetent as an attesting witness to the quitclaim deed for the purpose of levy and sale. In *Morgan* v. *Coleman*, 141 *Ga.* 329 (80 S. E. 996), it was held that "Where one as an attorney at law prosecutes to judgment a suit upon a note, the payment of which is secured by a conveyance of property by the debtor, he does not thereby become incompetent as an attesting witness to a deed executed in pursuance of the statute and reconveying to the debtor the property for the purpose of levy and sale under said judgment and the execution based thereon." In this case attorney's fees were sued for and recovered in the judgment. In view of the record in this case, and the authorities cited, we are of the opinion that the court below did not err in refusing an injunction, for any reason assigned.

*Judgment affirmed.* *All the Justices concur.*