SPENCE *v.* MILLER.

No. 9048.   December 14, 1932.

*William B. Jones,* for plaintiff in error.

*H. A. Allen* and *J. Wilson Parker,* contra.

Bell, J.   The following statement is intended to cover only such facts as relate to the jurisdiction of the Supreme Court.

Mrs. Clessie Miller, as the holder of an execution issued from the superior court of Campbell County against J. W. Spence, caused the same to be levied upon certain real estate as the property of the defendant, who tendered to the sheriff an affidavit of illegality. Upon the merger of Campbell County with Fulton County the execution became returnable to the superior court of Fulton County, and was levied by the sheriff of that court.   Within a few days after the tendering of the affidavit of illegality, Mrs. Miller filed in the superior court of Fulton County a petition in which she prayed that a rule nisi be directed to the sheriff and the defendant, requiring them to show cause immediately before the court "why the said sheriff should not be directed to refuse to accept said purported affidavit of illegality and return the same to said defendant in fi. fa., as clearly insufficient in law, [and] that the court make an order directing the sheriff  .  .  to refuse and return said purported affidavit of illegality, and allow the sale as advertised to proceed." The petition was later amended by adding a prayer that the affidavit of illegality be dismissed and stricken from the records of the court, for the reason that the defendant had elected to pursue a similar remedy in a court of equity.

It appeared from the petition that the defendant had previously filed and prosecuted a suit to enjoin prior holders of the fi. fa. from proceeding with a sale of property thereunder *(Spence* v. *Phillips,* 172 *Ga.* 782, 158 S. E. 797), and the petition of the present plaintiff was filed as an intervention in that case.   The plaintiff alleged,

that, after the termination of the suit in which she intervened, the defendant had filed a second suit in which he prayed for an injunction against the plaintiff in respect to the same execution, and that in the later suit the court had refused an interlocutory injunction, and that this judgment had become the law of the case. One of the grounds upon which the plaintiff or "intervenor" predicated her claim that the sheriff should be directed to refuse to accept the affidavit of illegality, and that the affidavit should be dismissed, was that in the second suit for injunction brought by the defendant he alleged as a defense to the execution the same facts which he is now asserting in the affidavit of illegality, and as to which he is bound by the judgment in such injunction suit.

The judge of the superior court granted a rule nisi upon the plaintiff's petition or intervention, and upon the hearing passed an order dismissing the affidavit of illegality. To this judgment the defendant in execution excepted, and the bill of exceptions was made returnable to the Supreme Court.

The Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. The plaintiff's petition was purportedly filed as an intervention in a previous equity case which had been decided and was terminated. Even if that litigation could be considered as still pending and open for an intervention, the petition styled as an intervention therein contained no prayer for injunctive or other equitable relief. Hence the proceeding can not be treated as an equity case, so as to come within the jurisdiction of this court.

The allegations and prayers do not make a suit for mandamus. While the sheriff was made a party, there was no allegation that he was about to fail in the performance of any official duty, or that any demand for official action had been made upon him. Nor did the proceeding amount to a petition for the writ of prohibition. If such a suit could in any case be brought against a sheriff (see *Shirley* v. *Gardner,* 160 *Ga.* 338, 127 S. E. 855), it is clearly apparent that the plaintiff did not intend to apply for that writ. It is not alleged that the sheriff as an officer is about to commit any unwarranted or illegal act; nor is there any prayer which could be appropriate to such an action. The plaintiff merely asked that the court issue a rule nisi requiring the sheriff and the defendant to show cause why the sheriff should not refuse to accept the affidavit of illegality, and why the affidavit should not be dismissed.

The constitution provides that the jurisdiction of this court shall include "all cases involving extraordinary remedies." Ga. L. 1916, p. 19 (Park's Code Supp. 1922, § 6502). The proceeding brought by the plaintiff may be unusual, but it does not involve an extraordinary remedy within the meaning of the constitution. The quoted provision refers only to such extraordinary legal remedies as mandamus, prohibition, quo warranto, and the like. As construed by the plaintiff's counsel, the petition was intended to invoke the inherent power of the court to enforce its judgments, to control the conduct of its officers, and to compel obedience to its mandates. Civil Code (1910), § 4644. Even so, the case is not one involving an extraordinary remedy, and the allegations and prayers do not otherwise make a case which falls within the jurisdiction of the Supreme Court. It follows that the case should be transferred to the Court of Appeals. See, in this connection, *Elmore* v. *Southern Bank & Trust Co.,* 150 *Ga.* 811 (105 S. E. 474); *Burress* v. *Montgomery,* 148 *Ga.* 548 (3) (97 S. E. 538); *Taylor Lumber Co.* v. *Clarke Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844); *United States Fidelity &c. Co.* v. *Koehler,* 161 *Ga.* 936 (132 S. E. 64); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699); *Martin* v. *Deaton,* 172 *Ga.* 557 (158 S. E. 331); *Collier* v. *Barnesville,* 174 *Ga.* 294 (162 S. E. 530).

*Transferred to the Court of Appeals. All the Justices concur.*