MULLIGAN *et al. v.* WINGARD, guardian, *et al.*

BELL, Chief Justice. 1. It is the duty of this court to consider the question of its jurisdiction even upon its own motion in all cases in which there may be any doubt as to the existence of such jurisdiction. *Dobbs* v. *Federal Deposit Insurance Corp.*, 187 *Ga.* 569 (1 S. E. 2d, 672).

2. Section 13 of the act of March 27, 1941, amending and revising the laws as to adoption of children, provides as follows: "If at any time after the adoption the adopting parents fail faithfully to perform their obligations to the child, or if within seven years after his final adoption a child develops feeble-mindedness, epilepsy, insanity, or venereal diseases as a result of conditions existing prior to his adoption and of which the adopting parents had no knowledge or information, or for other good cause shown unto the court, a petition setting forth such facts may be filed by any person or public or private agency, showing good cause therefor, in the court which entered the final decree of adoption, and if such conditions are provided [proved?] to the satisfaction of the court, the adoption may be declared null and void. The court shall thereupon make proper disposition of the child by commitment to an appropriate State Institution as provided by the laws of the State

of Georgia, or provide for the disposition of the child as may be to his best interest and to that of the State." Ga. L. 1941, p. 300; Ga. Code Ann., § 74-416.

3. In the instant case, a petition was filed under the foregoing section by relatives of an adoptive parent after his death, praying that the order of adoption be set aside and annulled, and adjudged null and void for alleged defects in the adoption proceedings, and praying also for a decree that the child was not legally adopted, that her name was not changed, and that she is not the heir at law of such deceased, and, further, that the court make such disposition of the said child as is contemplated by the foregoing section. The child through its guardian filed an answer, in which she denied the alleged defects in the adoption proceedings, made affirmative allegations as to some additional facts, and prayed to be "hence discharged." The trial resulted in a judgment denying the relief sought, the petitioner excepted, and the writ of error was returned to the Supreme Court. *Held*, that the case is a statutory proceeding to set aside a judgment, and is not an equity case. Nor does it involve an extraordinary remedy or other matter placing jurisdiction in the Supreme Court. Code, § 2-3005; *Burkhalter* v. *Virginia-Carolina Chemical Co.*, 170 *Ga.* 237 (152 S. E. 98); *Spence* v. *Miller*, 176 *Ga.* 96 (167 S. E. 188); *Methodist Episcopal Church* v. *Decell*, 187 *Ga.* 526 (1 S. E. 2d, 432); *Loftin* v. *Carroll County Board of Education*, 195 *Ga.* 689 (25 S. E. 2d, 293).

4. Under the foregoing rulings, the Court of Appeals and not the Supreme Court has jurisdiction, and the case is transferred accordingly.

*Transferred to Court of Appeals. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 14992. FEBRUARY 7, 1945.

*C. Wesley Killebrew* and *W. K. Miller,* for plaintiffs.
*Hammond, Kennedy & Yow,* for defendants.