19890.  WHITE *et al. v.* GORDON.

ARGUED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*George L. Jackson,* for plaintiffs in error.

*J. Pierce Anderson, Wheeler, Robinson & Thurmond,* contra.

ALMAND, Justice.  Mrs. Katherine B. Gordon filed her suit in ejectment for the recovery of 14.4 acres more or less of certain described land located in Jones County, and for damages to the freehold on account of the cutting of timber on the land, and named as defendants Mrs. A. V. White, Sr., A. V. White, Jr., and

Mrs. Mary White Bailey. Plaintiff alleged that she claimed title to the land by virtue of a warranty deed from her husband, Mose Gordon, dated December, 1954, and that she had a written assignment from her predecessor in title granting to her the right to recover for the timber cut and removed from the property. Plaintiff's prayers were for "judgment for the premises" and for a recovery for damages to the freehold.

Defendants filed their plea to the jurisdiction, alleging that they were residents of Twiggs County, and that the Superior Court of Jones County had no jurisdiction of the case, and their general and special demurrers to the petition as amended, all of which were overruled. On the trial of the case, a verdict was returned in favor of the plaintiff for the land and for damages. Defendants filed their motion for a new trial on the general and special grounds, and this motion was denied. The exceptions are to the orders overruling the defendants' plea to the jurisdiction, their general and special demurrers, and their motion for a new trial as amended.

■ "Cases respecting titles to land shall be tried in the county where the land lies." Art. 6, sec. 14, par. 2, Constitution of Georgia (Code, Ann., § 2-4902). Our law makes a distinction between suits to establish the title to land or to establish the evidence of title, and suits to recover the land upon legal title, the former being suits in equity and the latter actions at law. The above-quoted constitutional provision concerns actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for the recovery of land or recovery of the land and mesne profits. *Owenby* v. *Stancil*, 190 *Ga.* 50, 55 (8 S. E. 2d 7). "One test as to whether a suit to recover land is one of ejectment simply, and is a case 'respecting title to land', is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover." *Frazier* v. *Broyles*, 145 *Ga.* 642, 646 (89 S. E. 743). The petition in the instant case seeks no equitable relief. Rather, it is an action in ejectment wherein the plaintiff claims title to the land in question on the basis of her abstract of title, which she incorporated in her petition by amendment, and seeks to recover the described tract of land and damages for the cutting

of timber thereon. There being no equitable relief sought, the suit was properly brought in the county where the land lies, and the court did not err in holding that it had jurisdiction of this case and in thereafter overruling defendants' plea to the jurisdiction, paragraphs 1, 2, 3, and 14 of their demurrers with respect to this point, and special grounds 1 and 2 of the amended motion for new trial. See *Bird* v. *Trapnell*, 147 *Ga.* 50 (92 S. E. 872).

■■ The land sought to be recovered was described in the petition as follows: *"Beginning at an iron pin* on the Round Oak Juliette Road at a point with what was formerly the corner of the land with A. V. White, Sr., *and running thence in a Southerly direction and a Southeasterly direction along the meanderings of a branch,* a distance of 1839 feet to a corner; thence South 78 degrees 06 minutes East 580 feet to an iron pin; thence North 46 degrees 47 minutes East a straight line to a fence; thence Northwesterly a straight line along said fence to the beginning corner." (Italics supplied). In paragraph 8 of the defendants' special demurrers, an attack is made upon the sufficiency of the description of the land described in the deed upon which the plaintiff claims title. It is asserted that the description in the deed discloses that the boundary line "along the meanderings of a branch" leaves a gap in the description, in that it is impossible to ascertain or discover where the land is located. It is also contended that there is no description to cover the line from the starting point to where the branch begins at a spring, or any indication as to where the line would intersect with the branch.

It is, of course, settled that the declaration in ejectment should describe the premises in dispute with such definiteness that, in the event of a recovery by the plaintiff, the sheriff could execute the writ of possession from the description given. *Darley* v. *Starr*, 150 *Ga.* 88, 90 (102 S. E. 819). "A declaration in ejectment which upon its face discloses a patent ambiguity is subject to general demurrer. Unless the ambiguity is patent, and appears on the face of the declaration, the suit can not be dismissed for uncertainty in the description." *Darley* v. *Starr*, supra. The description contained in paragraph 1 of the petition, after pointing out the iron pin which is the starting point, describes

the land as "running *thence* in a Southerly direction and a Southeasterly direction *along the meanderings of a branch,* a distance of 1839 feet to a corner; . . ." (Italics supplied.) Taking this allegation as true on demurrer, as we must, it appears that the word *thence* must indicate that the branch intersects with the starting point. No gap in the description appearing on the face of the deed, a patent ambiguity does not exist, and it was not error to overrule the demurrer which attacked this description. See *Holcombe* v. *Dinsmore,* 164 *Ga.* 200 (137 S. E. 924).

■ Paragraphs 12 and 13 of the defendants' demurrers, and special grounds 7 and 8 of the amended motion for new trial, relate to the assignment to the plaintiff by her predecessor in title, her husband, of his rights to sue for the cutting of timber and the removal thereof from the land in question. Defendants contend that this is an attempt to assign a tort for trespass which, under our laws, is unassignable. The primary relief here sought by the plaintiff is for an adjudication of her title to the premises, and her prayer for damages for the cutting of timber and its removal from the freehold is incidental to this primary relief. "A right of action is assignable if it involves, directly or indirectly, a right of property." Code § 85-1805; *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124); *Delray, Inc.* v. *Reddick,* 194 *Ga.* 676, 685 (22 S. E. 2d 599, 143 A. L. R. 519). The case of *Allen* v. *Macon, Dublin &c. R. Co.,* 107 *Ga.* 838 (33 S. E. 696), relied on by the defendants, involved an action filed prior to the adoption of the Code of 1895, wherein the provisions of the present Code § 85-1805 first appeared. Nor is the case of *Patellis* v. *Tanner,* 199 *Ga.* 304 (34 S. E. 2d 84), in point for the reason that there was no written assignment of the right of action in that case. Clearly, the present case comes within the decisions above cited, and it was not error to overrule the defendants' demurrers, nor the motion for a new trial, based upon this point.

■ Special ground 3 of the amended motion for new trial assigns error on the following charge of the court: "I charge you further that before adjoining landowners would be adjudged to have fixed a dividing line between them by cutting of timber on their respective lands, it would be necessary that each party

knew that they were cutting up to what was proposed as the dividing line. In other words, if one party should cut only a part of his timber, and the party owning land adjoining the land of the one cutting a part of the timber should then cut over to the place where his neighbor had stopped cutting, this would not in and of itself fix a line to divide their property; such would not constitute an agreed land line." It is contended that this charge led the jury to believe that only a part of the timber had been cut, when in fact timber had been cut from the entire tract in question; and that, while the charge is correct as stated, it was error not to qualify it to the extent that the jury could consider whether the plaintiff and her predecessors in title actually acquiesced in the line. The charge as given by the court was clear, pertinent to the issues involved, and correctly states the law. See *Southern Timber Co.* v. *Bland,* 32 *Ga. App.* 658 (4) (124 S. E. 359); *Catoosa Springs Co.* v. *Webb,* 123 *Ga.* 33 (50 S. E. 942); *Henderson* v. *Walker,* 157 *Ga.* 856 (122 S. E. 613). The charge was not erroneous for any reason assigned.

■ Special grounds 4, 5, and 6 of the amended motion for new trial assigns as error: (a) the failure of the court to charge without request "that a dividing line could be established by the acquiescence of the party owning land or his predecessors in title by acts or words, provided that both parties or their predecessors in title knew where the proposed line was located"; (b) the failure to charge without request "that acquiescence for seven years by acts or declarations of adjoining land owners or their predecessors in title shall establish a dividing line"; and (c) that it was error to charge that "the defendants in this case contend that the dividing line between the plaintiff and their property is located on a fence that is now on the ground, which fence they contend was staked out by A. V. White, Sr., for T. A. White, who actually constructed the fence. The defendants further contend that such line was fixed as the dividing line by acquiescence of the party owning the adjoining land, that both parties would have to know where the proposed line is before they could acquiesce in it, either by acts or words. If either party did not know where such line was proposed to be, then there could be no acquiescence in a line."

It is contended that the charge as given removed from the

consideration of the jury the fact that plaintiff's predecessors may have acquiesced and, if so, the plaintiff herself would be bound by this acquiescence. The court correctly charged the law as to acquiescence in the words of Code § 85-1602. The charge complained of as given is an excerpt from the charge as a whole on acquiescence, wherein it is also stated: "When a line has been located and established by seven years acquiescence by the coterminous land owners, . . . the line thus located and established is binding on the grantees of the coterminous proprietors." As to the charges complained of as not having been given, they were, in fact, given to the jury with the deletion of the words "or their predecessors in title," and the court's qualification as to grantees being bound by the line as established by the acquiescence of the coterminous land owners for a period of seven years was sufficient to state the law clearly and correctly. There was therefore no error in the failure to charge as contended by the defendants, nor in the charge as given.

■ The court submitted two questions to the jury: first, what was the true and correct line between the lands of the plaintiff and the lands of the defendants; and, second, was the strip of land, consisting of 14.4 acres more or less, the property of the plaintiff or of the defendants? While the evidence was conflicting as to the line separating the plaintiff's and the defendants' property, and more particularly between the starting point of the plaintiff's deed and the spring which marked the beginning of the branch which plaintiff contends separates their properties, there is contained in the evidence a plat of the plaintiff's land, as well as a plat dating back to 1909, when this land was involved in a partitioning proceeding by defendants' predecessors in title, both of which, along with the oral testimony, establish the boundary as being a straight line running from the spring to the iron pin which is the starting point named in the plaintiff's deed. See Code § 85-1601. This evidence was sufficient to show an established line between the starting point and the branch, so as to identify fully the tract of land described in the petition. *Stringer* v. *Mitchell*, 141 *Ga.* 403 (1) (81 S. E. 194) ; *Holcombe* v. *Dinsmore*, 164 *Ga.* 200, supra. The evidence was also in conflict as to whether there had been an acquiescence by the plaintiff's predecessors in title in the line as contended by the

defendants. The jury was authorized from the evidence to find and did find that the line as contended by the plaintiff was the correct dividing line between the parties, and that the line as contended by the defendants had not been established by acquiescence. See *Jackson* v. *Sanders*, 199 *Ga.* 222, 228 (33 S. E. 2d 711, 159 A. L. R. 638).

It cannot be said, therefore, that the evidence was insufficient to support the verdict, and it was not error to deny the defendants' motion for a new trial based upon the general grounds.

*Judgment affirmed. All the Justices concur.*