## 50722. McLANAHAN et al. v. KEITH.

DEEN, Presiding Judge.

On October 22, 1973, Peggy Keith filed suit against the McLanahans and their corporation, North Georgia Crushed Stone, Inc. alleging that they had extended their

quarrying operations onto her land and removed stone, for which she seeks damages. This case essentially involves a boundary line dispute, but the questions before us are whether parties were improperly made or whether the statute of limitation on the action has run, in either of which cases the court would have erred in denying the defendants' motions for summary judgment.

The suit was first begun by Mrs. Keith as an individual and amended on April 5, 1974, by adding as parties plaintiff Mrs. Keith in her capacity as administratrix of the estate of Mr. Fambrough, her father, and Mrs. Keith as executrix of the estate of Mrs. Fambrough, her mother. A few necessary dates are in order: Mr. Fambrough, who allegedly owned the land from which the stone was taken, died on July 27, 1965. Some of the quarrying may have been done prior to that time; an affidavit by the appellant fixes the last date of removal as August 25, 1969. Mr. Fambrough died without making a will and on September 7, 1965 his estate was set aside to his widow as year's support, the judgment adopting the language of the appraisers' award which contains the following: "It is the purpose and intent of the appraisers herein to set apart the entire estate of said H. A. Fambrough, deceased, to his widow, Mrs. Mamie S. Fambrough, whether specifically mentioned herein or not."

Mrs. Fambrough died on May 17, 1973. Mrs. Keith was appointed as her executrix on August 9, 1973, and as temporary administratrix of her father's estate on March 12, 1974. On April 5, 1974, she filed the amendment adding herself in such capacities as parties plaintiff. She was the sole legatee of her mother's estate under the latter's will. In December, 1973, she filed a "deed of assent" to the transfer of her mother's estate from herself as executrix to herself as an individual, and on March 20, 1974, filed another document purportedly revoking it. The defendants contend that under these circumstances they are entitled to summary judgment. *Held:*

1. "An amendment changing the capacity in which the plaintiff brings the action is permissible even after the statute of limitation has run, and since such amendment does not change the parties before the court, it should be

liberally granted." *Atlanta Newspapers, Inc. v. Shaw,* 123 Ga. App. 848, 852 (182 SE2d 683). There was no error in denying the motion for summary judgment on the ground that if Mrs. Keith's right of action rested on her position as personal representative of either estate the amendment should be disallowed on the ground of an impermissible addition of parties plaintiff. The amendment is not for this reason subject to being stricken.

2. However, the statute of limitation question is more serious. The cause of action depends on trespass and is therefore subject to a four-year limitation, which has run unless shielded by Code § 3-803 tolling limitations of actions against unrepresented estates for a maximum of five years.

Considering any trespass committed during the life of H. A. Fambrough, his *entire* estate, whether enumerated by the appraisers or not, passed to his widow in September, 1965. A right of action for trespass is a chose in action. "A chose in action is generally a part of the estate of a decedent, and as such is subject to be set apart as a year's support for the widow and minor children." *Matthews v. Manhattan Life Ins. Co.,* 55 Ga. App. 204, 206 (189 SE 858). A right of action is assignable if it involves directly or indirectly a right of property. Code § 85-1805. "Assign" in this sense means "transfer" so as to vest title in the recipient and allow such person to sue directly. *Haug v. Riley,* 101 Ga. 372, 379 (29 SE 44). In particular, a tort for trespass has been held assignable. *White v. Gordon,* 213 Ga. 730, 733 (101 SE2d 759). It is therefore clear that any right of action for removing stone which occurred during the lifetime of H. A. Fambrough passed with the rest of his estate on his death to his wife as a year's support. Where the entire estate is set apart as a year's support and no appeal is taken from such judgment, there is no estate to be administered, and no assets which the administrator can reclaim. " 'An estate is necessary to authorize the appointment of an administrator.' Redfearn, Wills and Administration of Estates, p. 399, § 232." *Strickland v. Strickland,* 99 Ga. App. 531, 533 (109 SE2d 289). Therefore, although such appointment is not subject to a collateral attack on the part of the appellants, it is obvious that neither does it inure to the benefit of the

plaintiff, there being no assets on which it could operate. For this reason Code § 3-803 does not toll the statute of limitation as to whatever right the plaintiff in her various capacities may have otherwise had.

3. We have held that Mrs. Keith, who brought this action, could add herself in her capacity as executrix of her mother's estate without regard to the bar of the statute of limitation. She was appointed such executrix in August, 1973, prior to bringing the suit in October, and was the sole legatee under the will. Therefore, the execution of a deed of assent of the legacy to herself from herself as executrix, executed in December after the suit was filed, makes no difference as the action could have been continued in either capacity. *Spence v. Phillips,* 172 Ga. 782 (3) (158 SE 797). This is true even though the amendment adding Mrs. Keith as executrix was filed April 4, 1974, since, under *Atlanta Newspapers, Inc. v. Shaw,* supra, and Code Ann. § 81A-115(c) it relates back to the filing of the petition.

4. The appellant has offered testimony fixing the last trespass on property claimed by Mrs. Keith as February or August 25, 1969. In contradiction Mrs. Keith offered the opinion testimony of several experts who examined the property on March 9, 1974. One of them, an archeologist, swears that there had been quarrying activity within the past twelve months. Another, a forester, found recent activity where heavy equipment had pushed down trees from the edge of the quarry, and that in the area of activity no seedlings were over thirty months old, although surrounded by mature trees. Another witness had examined the property twice, once in September, 1973, and again in March, 1974, and found activity involving heavy equipment between those two dates. Construing the summary judgment evidence in favor of the party opposing it, it sufficiently appears that there is evidence of quarrying within the period of limitations. That period, it might be added, goes back to August 1, 1969, which includes four years immediately prior to the filing of the action plus the two months and 21 days during which her estate was unrepresented after the death of Mrs. Fambrough.

5. The defendant Mary McLanahan denied the

allegations of the complaint that she had trespassed or taken property from the quarry. The record shows that she was vice president of the corporation which removed the rock in question. No affidavit was submitted by her or on her behalf as to any activities by her in connection with the removal. Since the burden rested on her as movant to "negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence" (*Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (210 SE2d 845)), this leaves the question of her personal involvement for jury determination unless a statement of the plaintiff on cross examination that she was named a defendant because she was a corporate officer is proof that she was not involved in any tortious activity. To obtain summary judgment we think it necessary for the defendant to go further. The record is vague as to whether defendant North Georgia Crushed Stone, Inc., which was named McLanahan Crushed Stone, Inc. at the time involved here, was a family corporation, what stock this defendant owned, how the corporate business was done, etc. The plaintiff was being asked a legal question to which she obviously did not know the answer. The rule of course is as stated in *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407, 411 (203 SE2d 597) that where a corporate tort is committed an officer who takes part in its commission is personally liable; otherwise not. This may be established upon the trial of the case; it does not appear here. The trial judge properly denied the individual motions of Mrs. McLanahan.

The court properly denied the motions for summary judgment against Mrs. Keith individually and as executrix of her mother's estate, but should have sustained the motion to strike her as a party in her capacity of administratrix of her father's estate.

*Judgment affirmed in part and reversed in part. Evans and Stolz, JJ., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 13, 1975.

*Grant, Smith & Shiver, Truett Smith,* for appellants.

*E. Phil Duderwicz, Jr., David W. Griffeth,* for appellee.