55774, 55775. KEITH v. McLANAHAN et al.; and vice versa.

McMURRAY, Judge.

H. A. Fambrough died intestate on July 27, 1965. On September 7, 1965, his entire estate was then set aside in a year's support proceeding to his widow, Mrs. Mamie S. Fambrough, as a year's support for her. Mrs. Fambrough died on May 17, 1973, leaving a will with Mrs. Peggy Fambrough Keith as executrix and sole legatee of her mother's estate under the latter's will. Mrs. Keith was appointed executrix on August 9, 1973. As executrix she transferred her mother's estate to herself on March 20, 1974.

On October 22, 1973, Mrs. Keith filed a suit for damages against the defendants here for the removal of rock in quarrying operations which she alleges was a trespass upon the Fambrough property which she had inherited. Subsequently, based upon whether or not plaintiff had served the proper parties as defendants and whether or not the statute of limitation had run the

defendants moved for summary judgment which was denied. In *McLanahan v. Keith,* 135 Ga. App. 117, 121 (217 SE2d 420), this court made several rulings and held that the trial court had properly denied the motion for summary judgment, "but should have sustained the motion to strike her [Mrs. Keith, the plaintiff] as a party in her capacity of administratrix of her father's estate," but allowing her amendment as executrix of her mother's estate.

This litigation was first filed in the Elbert Superior Court, the alleged trespass occurring upon the land in Elbert County. Thereafter, the same litigation was filed in the Fulton Superior Court, and the trial court ex parte and sua sponte dismissed the complaint. Whereupon the cost was paid in the Elbert County suit and the plaintiff refiled the suit (for the third time) in the same Fulton County court. In *McLanahan v. Keith,* 140 Ga. App. 171 (230 SE2d 57), the defendants appealed contending that a dismissal with prejudice had occurred. This court held that the Civil Practice Act granted the trial court the power to dismiss the case for lack of jurisdiction apparently with or without a hearing, and the trial court had the right to dismiss the case sua sponte. In *McLanahan v. Keith,* 239 Ga. 94, 95, 97 (236 SE2d 52), the Supreme Court granted a writ of certiorari on the question of whether or not the Court of Appeals had erred "in holding that failure to comply with Code Ann. § 81A-141 (d), when brought to the attention of the trial court by the plaintiff, authorizes the trial court, under Code Ann. § 81A-112 (h) (3), to dismiss the action without notice to the defendant?" That court then held that "[h]ad no dismissal been entered, respondents could have cured their failure to pay the costs if a timely objection was raised, and the petitioners would be facing the very same lawsuit as they are presently facing, on the same footing as regards the statute of limitation."

The present appeal involves the grant of a partial summary judgment in favor of the defendants "as to the period wherein evidence of trespass and conversion by the plaintiff is relevant and admissible in the trial of this case on the ground that there is no genuine issue as to any material fact, and that the defendants are entitled to an

order as to this as a matter of law." The defendants had moved the court to restrict evidence back to December 29, 1971, or, in the alternative, August 1, 1969. The case had been filed in the Elbert Superior Court on October 22, 1973. The trial court held that in *McLanahan v. Keith,* 135 Ga. App. 117, supra, at page 120, that this court had restricted "the period of limitation back to August 1, 1969." At page 120 of *McLanahan v. Keith,* 135 Ga. App. 117, supra, this court, Presiding Judge Deen writing the opinion, made a statement in construing the summary judgment evidence in favor of the party opposing the motion that "it sufficiently appears that there is evidence of quarrying within the period of limitations," there being some opinion evidence by an expert who had examined the property on March 9, 1974, that "there had been quarrying activity within the past twelve months." In referring to the period of limitation this court also stated: "That period, it might be added, goes back to August 1, 1969, which includes four years immediately prior to the filing of the action plus the two months and 21 days during which her [Mrs. Fambrough] estate was unrepresented after the death of Mrs. Fambrough." The trial court then held that the first opinion of the Court of Appeals thus fixed the period of limitation to August 1, 1969, "and that date is the date which should be adhered to in the trial of this case," and it granted the motion that evidence of damages be limited back to August 1, 1969, denying defendants' alternative motion that evidence of damage be limited back to December 29, 1971; further ordered that the only evidence which the court will admit during the trial of the case, "either from the Plaintiff or the Defendants, showing trespass and removal of granite or any other material by any of the Defendants is that taking place on and after August 1, 1969"; and that evidence of trespass or removal of material prior to August 1, 1969, "shall not be admissible in the trial of this case."

In Case No. 55774 Peggy Fambrough Keith, the plaintiff, in her dual capacity, appeals from the grant of the partial summary judgment. In Case No. 55775 the defendants cross appeal from the order adversely affecting them in allowing evidence of damages (trespass

and removal back of December 29, 1971). *Held:*

On October 31, 1977, prior to the granting of the partial summary judgment on November 29, 1977, plaintiff had amended her action by alleging that her mother, "was mentally incompetent and insane to the extent that she was unable to transact her business as contemplated . . ." See Code §§ 3-801 and 3-1005. In addition, in the evidence in the Elbert County case plaintiff had filed an affidavit that her mother was physically and mentally incapacitated for at least a period of three years prior to her death in June, 1973. Affiant also stated that "during approximately the last seven years of my father's lifetime he also was mentally incapacitated due to numerous strokes and other medical problems. During this time it was necessary for someone else *to completely* handle his affairs." An allegation of incapacity in plaintiff's complaint must be met by some evidentiary matter in order for the movant (defendant) to pierce the pleadings on a motion for summary judgment. See *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784 (2) (195 SE2d 277).

It appears that the trial court believed the first opinion of the Court of Appeals fixed the period of limitation in this suit to August 1, 1969, and "that date is the date which should be adhered to in the trial of this case." After a careful reading of the opinion of this court in *McLanahan v. Keith,* 135 Ga. App. 117, 120 (4), supra, the ruling merely denied summary judgment although stating that four years immediately prior to the filing of the action on October 22, 1973 (four years being October 22, 1969), plus two months and 21 days, "goes back to August 1, 1969." On motion for partial summary judgment considering the entire record, issues of material fact remain as to the period of disability, and the trial court erred in rendering its decision on partial summary judgment.

*Judgment reversed in Case No. 55774 and affirmed in Case No. 55775. Quillian, P. J., and Webb, J., concur.*

ARGUED MAY 3, 1978 — DECIDED OCTOBER 2, 1978.

*E. Phil Duderwicz,* for appellant.
*Smith & Shiver, Truett Smith,* for appellees.