**In the Matter of William Franklin CARROLL and Treasa Joan Carroll, Debtors.**

**Bankruptcy No. N87–31225–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Aug. 26, 1988.

---

Charles H. Lumpkin, Jr., Carrollton, Ga., for Dr. Peter G. Lazarnick.

Cliff Perkins, Perkins & Perkins, Carrollton, Ga., for debtors.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On March 18, 1988, Dr. Peter G. Lazarnick, a creditor in the above-referenced Chapter 7 case, filed a motion which sought the full payment of his claim from certain funds held by the attorney for the debtors. In response, on March 23, 1988, the debtors filed an objection to the doctor's claim, which requested the Court to deny the doctor's secured status as to the funds and to allow the debtors' attorney to disburse the funds to the debtors. The Court conducted a hearing on these pleadings on April 22, 1988. At the conclusion of the hearing, the Court took the matter under advisement and requested the attorneys for the parties to submit briefs. Since that time, the parties have notified the Court that they are willing to let the Court issue a decision on the basis of the record as it now stands without the submission of post-hearing briefs.

It appears that the debtors' attorney is retaining a portion of the proceeds of a settlement of a personal injury claim held by the debtors. The debtors had claimed this fund as exempt on their schedules, and the Court denied the trustee's objection to the debtors' exemptions by Order entered on January 21, 1988. The trustee reported by letter filed on March 23, 1988, that the estate would not make any claim to the fund.

Prior to the filing of the case, one of the debtors, Treasa Joan Carroll, received treatment from Dr. Lazarnick and signed a document styled a "Doctor's Lien" which authorized her attorney in the personal injury suit to withhold from any judgment or settlement an amount sufficient to pay the doctor for his services. The document which Mrs. Carroll signed also stated: "I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict which may be paid ... as the result of the injuries for which I have been treated...."

. The doctor has filed a proof of claim in this bankruptcy case for $1,162.55. The debtors' attorney, who also represented the debtors in their personal injury suit, is holding $1,162.55 from the debtors' settlement proceeds in a trust account pending a determination by this Court of whether the funds should be paid to the doctor on his lien claim or to the debtors on their exemption claim.

The Court has examined several cases involving similar assertions that liens are held against the proceeds of a lawsuit, but the cases are distinguishable from the case at bar. In *In re Burnham*, 12 B.R. 286 (Bankr.N.D.Ga.1981), the Court held that the trustee could avoid an attorney's lien, which arises by statute (O.C.G.A. § 15–19–14(b)) rather than by agreement, because the attorney did not perfect the

lien by recording it as permitted by § 15–19–14(d). *Cf. In re Reinhardt*, 81 B.R. 565 (Bankr.D.N.D.1987) (rejecting trustee's challenge to a statutory attorney's lien where state law did not require recordation or perfection).

In *In re Dickinson*, 24 B.R. 547 (Bankr. S.D.Cal.1982), the Court found that a "doctor's lien" document containing language almost identical to that in the instant case created a lien which was valid under California law and which was enforceable after the debtor's discharge since the debtor had taken no steps to avoid the lien during the pendency of the bankruptcy case.

Finally, in *In re Harris*, 50 B.R. 157 (Bankr.E.D.Wis.1985), the Court rejected a doctor's claim of a common law lien, and the case did not appear to involve an express agreement to create a lien.

In the case at bar, the lien claimed by the doctor arises by agreement with the patient and appears to be valid under state law. An agreement is sufficient to create a lien under Georgia law if it clearly indicates the intent to create a lien, the debt which the lien is intended to secure, and the property on which the lien is created. *See Waldroup v. State*, 198 Ga. 144, 147, 30 S.E.2d 896, 898 (1944).

Because the doctor's lien has not been shown to have been recorded or otherwise perfected against third parties, it appears that the Chapter 7 trustee could have avoided the lien pursuant to 11 U.S.C. § 544(a). Here, however, it is the debtors, not the trustee, who are attempting to challenge the lien.

If a trustee does not attempt to avoid a transfer which is avoidable under § 544, the debtor in the case is given the power by § 522(h) to avoid the transfer of property, but only to the extent that the debtor could have exempted the property under § 522(g)(1). That subsection, § 522(g)(1), permits the debtor to exempt previously transferred property that the trustee recovers under the Code's avoidance powers only if the transfer was not a voluntary transfer of such property by the debtor. Because the transfer in this case, the creation of the doctor's lien, was a voluntary transfer, it does not appear that the debtors can avoid the lien pursuant to § 522(h). Also, the lien is not within the class of liens which is avoidable by the debtors pursuant to § 522(f). *Cf. In re Brown*, 73 B.R. 740, 745 (Bankr.W.D.Wis.1987) (stating that the debtors could not have avoided an unperfected purchase-money security interest under § 522(h) because the creation of the lien was voluntary and could not have avoided it under § 522(f) because of the lien's purchase-money characteristic).

Because the debtors are unable to avoid the doctor's lien, the funds in the possession of their attorney remain subject to the lien notwithstanding the debtors' exemption of the funds. *See* 11 U.S.C. § 522(c)(2).

The debtors' remaining argument against the payment of the fund to the doctor is that the "doctor's lien" constituted an assignment of a personal injury claim, which is void as against public policy. *See* O.C.G.A. § 44–12–24. The Court disagrees. The "doctor's lien" constituted a transfer of an interest in the proceeds of the claim and not of the claim itself. The "assignment" prohibited by the statute is a transfer which vests title in the transferee so as to allow such person to sue directly. *See McLanahan v. Keith*, 135 Ga.App. 117, 217 S.E.2d 420 (1975).

Accordingly, it is ORDERED that the debtors' objection to the claim of Dr. Lazarnick is DENIED and the relief sought by Dr. Lazarnick is GRANTED. The debtors' attorney is directed to use the fund in his possession to pay the doctor's claim.

IT IS SO ORDERED.